**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 313, Plaintiff,**

v.

**Ernest W. SKAGGS, Defendant.**

**Civ. A. No. 89–237 LON.**

United States District Court, D. Delaware.

March 23, 1990.

---

Joseph W. Benson and Andrew G. Ahern, of Joseph W. Benson, P.A., Wilmington, Del., for plaintiff.

Vicki A. Hagel, of Lassen, Smith, Katzenstein & Furlow, Wilmington, Del., for defendant.

## OPINION

LONGOBARDI, Chief Judge.

### BACKGROUND

This case was brought by the Plaintiff, Counterclaim Defendant International Brotherhood of Electrical Workers against the Defendant, Counterclaim Plaintiff Ernest Skaggs to collect fines levied against him by the union for alleged violations of the union's constitution and working agreement. Defendant's answer to the complaint, which contained a counterclaim alleging that he was not served with written specific charges and did not receive a full and fair hearing, was served upon the Plaintiff on June 15, 1989. Docket Item ("D.I.") 11 at 3. On July 6, 1989, not having received an answer to the counterclaim, Counterclaim Plaintiff filed a request with the Clerk of the Court to enter a default. D.I. 8. On July 10, the Clerk entered the requested default. D.I. 9. Shortly thereafter, Counterclaim Plaintiff moved the Court to enter a default judgment against the Counterclaim Defendant. D.I. 10. The Counterclaim Defendant never responded to the Counterclaim Plaintiff's motion.

The Counterclaim Defendant admits that it received all of the pleadings in question on or about the time they were filed with the Court but did not review them until October 26, 1989. *Id.* at 5. On October 31, 1989, the Counterclaim Defendant filed a motion to set aside the "default judgment."

Procedurally, the Court cannot address the Counterclaim Defendant's motion as it is pleaded because a default judgment has not yet been entered against it. Therefore, the Court will treat the motion as one under Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default. Once the Counterclaim Defendant's motion is decided, the Court will address the Counterclaim Plaintiff's motion to enter a default judgment.

### MOTION TO SET ASIDE DEFAULT

█ The decision to set aside the entry of a default pursuant to Federal Rule of Civil Procedure 55(c) is left primarily to the discretion of the District Court. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3rd Cir.1984); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3rd Cir.1951). The Third Circuit does not favor the entry of defaults or default judgments preferring instead that cases be decided on their merits. Therefore, "doubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment." *United States v. $55,-518.05*, 728 F.2d at 195. *See also Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3rd Cir.1983).

█ Despite the wide discretion given the District Court and the stated preference for a resolution on the merits, the Third Circuit requires District Courts to consider several factors in the determination of a motion to set aside a default or a default judgment.[1] Those factors are: (1) whether the plaintiff will be prejudiced by setting aside the default; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct; and (4) the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d

---

1. Several courts have held that where the motion is one to set aside the entry of a default as opposed to the entry of a default judgment, the applicable standard, although similar, is applied less stringently. *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985) (Although a motion to set aside a default decree under Federal Rule of Civil Procedure 55(c) is somewhat analogous to a motion to set aside a [default] judgment under Federal Rule of Civil Procedure 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect.) *See also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.

1981); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2692 at 471 ("[T]he federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment.")

Notwithstanding the considerable authority which supports treating these motions differently, the Third Circuit appears to apply the identical standard in both cases. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 195; *Farnese v. Bagnasco*, 687 F.2d 761, 765 (3rd Cir.1982).

71, 73 (3rd Cir.1987); *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 419–20 (3rd Cir.1987). The Court will address these factors individually.

### A. *Prejudice to the Counterclaim Plaintiff*

 In determining whether a plaintiff will be prejudiced by setting aside a default, the Court must determine whether the non-defaulting party's ability to pursue its claim has been hindered since the entry of default or whether relevant evidence has become lost or unavailable. *Emcasco*, 834 F.2d at 73; *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3rd Cir.1984); *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3rd Cir.1982).

The Counterclaim Plaintiff asserts that he will be prejudiced if the Court sets aside the default decree because he will be required to continue to defend against the prosecution of the lawsuit. If the default is not set aside and a judgment of default is entered on the counterclaim, Counterclaim Plaintiff asserts that the Counterclaim Defendant's claim against him will become moot. Although it may be true that setting aside the default will require the Counterclaim Plaintiff to continue to defend against the lawsuit, nothing has occurred since the entry of the default which in any way has hindered his ability to pursue his counterclaim. Counterclaim Plaintiff therefore would not be prejudiced by the setting aside of the default decree.

### B. *Culpable Conduct of the Counterclaim Defendant*

 A default will not be set aside if the Defendant, in failing to respond to pleadings, has exhibited some degree of culpable conduct. *Emcasco*, 834 F.2d at 75. Conduct is considered culpable in this context if it is "willful" or "in bad faith", *Gross v. Stereo Component Systems, Inc.*, 700 F.2d at 123, or if it is part of a deliberate trial strategy. *Zawadski De Bueno v. Bueno Castro*, 822 F.2d at 420; *Wells v. Rockefeller*, 728 F.2d 209, 214 (3rd Cir.1984), *cert. denied*, 471 U.S. 1107, 105 S.Ct. 2343, 85 L.Ed.2d 858 (1985).

The Counterclaim Defendant, in its affidavit accompanying the motion to set aside the default, stated that the reason for the three and one-half month delay in answering the motion was inadvertence. The affidavit further states that the attorney in charge of this matter was involved in another litigation and simply failed to review or respond to the pleadings until well after a response was due.

While this Court does not condone such slipshod representation, there is nothing in the record to indicate that the delay was willful, in bad faith or intentional. Counterclaim Defendant's motion to set aside the default, therefore, will not be denied on the basis of its culpable behavior.

### C. *Meritorious Defense*

 A meritorious defense is established when the defendant makes allegations which, if established on trial, would constitute a complete defense to the action. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 195; *Farnese v. Bagnasco*, 687 F.2d at 764.

The Counterclaim Defendant alleges that the counterclaims are barred by the statute of limitations. The counterclaims, founded upon 29 U.S.C. § 411(a)(5)(A) and (C), are part of the Labor Management Reporting and Disclosure Act Bill of Rights. Counterclaim Defendant asserts that the Supreme Court's decision in *Reed v. United Transportation Union*, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), unequivocally states that the applicable statute of limitations for these actions is the state personal injury statute which, in Delaware, is two years. Because the action did not commence within two years of February 21, 1987, the time at which Counterclaim Plaintiff was notified of the union's final decision, Counterclaim Defendant contends that the action is time barred.

Counterclaim Plaintiff, however, disputes the applicability of the *Reed* decision to the present case because *Reed* only dealt with a claim arising under 29 U.S.C. § 411(a)(1). The appropriate statute of limitations, he asserts, is the three year statute for contract actions.

The Court need not resolve this question at the present time. The Counterclaim Defendant has offered a defense which, if successful at trial, would completely bar the action. In addition, the Third Circuit has stated "[w]e require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d at 245, *quoted in United States v. $55,518.05,* 728 F.2d at 195.

#### D. *Alternative Sanctions*

 To avoid the harshness of a default, courts favor alternative sanctions which would be equally effective yet less severe. *Emcasco,* 834 F.2d at 73. In the present case, Counterclaim Plaintiff argues that if the default is set aside, Counterclaim Defendant should bear the reasonable attorney's fees associated with obtaining the default and resisting the motion to set aside the default. The Court agrees that the facts presented in the present situation justify this alternative sanction.

### MOTION TO ENTER JUDGMENT OF DEFAULT

Because of the Court's ruling on the Counterclaim Defendant's motion to set aside the default, Counterclaim Plaintiff's motion to enter a judgment of default is moot.

### CONCLUSION

For the foregoing reasons, Counterclaim Defendant's motion to set aside the default is granted and Counterclaim Defendant is required to pay the reasonable attorney's fees associated with obtaining the default and resisting the motion to set aside the default. Counterclaim Plaintiff's motion to enter a judgment of default is moot.

