**ACCU–WEATHER, INC., Plaintiff,**

v.

**REUTERS LIMITED, and Reuters Information Services, Inc., Defendants.**

No. 1:CV–91–0908.

United States District Court, M.D. Pennsylvania.

Dec. 3, 1991.

Thomas A. Beckley, John G. Milakovic, Beckley & Madden, Harrisburg, Pa., for plaintiff.

Charles C. Hileman, Robert L. Kendall, Jr., Schnader, Harris, Segal & Lewis, Philadelphia, Pa., for defendants.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Plaintiff Accu–Weather, Inc. ("Accu–Weather") entered a default against defendants Reuters Limited and Reuters Information Services, Inc. (hereafter jointly "Reuters") on September 6, 1991 pursuant to Fed.R.Civ.P. 55(a).[1] Four days after the default was entered, defendants filed a motion (record document no. 22) to have it set aside. Fed.R.Civ.P. 55(c).[2]

### DISCUSSION

In deciding whether to set aside an entry of default, the district court must consider four factors and make explicit findings as to each. The factors are: (1) whether lifting the default will prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Emcasco Insurance Co. v. Sambrick*, 834 F.2d 71, 73–74 (3d Cir.1987). The Third Circuit does not favor defaults. If there is any doubt as to whether the default should be set aside, the court should err on the side of setting aside the default and reaching the merits of the case. *Zawadski de Bueno v.*

1. Rule 55(a) provides:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

2. Rule 55(c) provides:

*Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987).

### Prejudice to the plaintiff

Prejudice exists if circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable. *International Brotherhood of Electrical Workers v. Skaggs*, 130 F.R.D. 526, 529 (D.Del.1990), citing *Emcasco, supra*, 834 F.2d at 73. Detriment in the sense that plaintiff will be required to establish the merit of its claims does not constitute prejudice in this context. *Nash v. Signore*, 90 F.R.D. 93, 95 (E.D.Pa.1981).

In this case, Accu–Weather will not be prejudiced if the default is set aside. There is no contention on plaintiff's part that evidence has been lost or has become unavailable, or that something has occurred since entry of the default which will hinder plaintiff's ability to litigate this case. Plaintiff's contention that granting the motion will "severely prejudice Accu–Weather's right to prepare for trial, by requiring Accu–Weather either to engage immediately in 'shot gun' discovery (by guessing at what issues Defendants might raise in an actual answer)"[3] is without merit. The type of harm which plaintiff seeks to call "prejudice" is not the sort of harm which the courts consider prejudicial in this context. Moreover, plaintiff's contention is without merit. The discovery deadline has been extended. (See: record document no. 29, filed October 9, 1991). Additionally, although the August hearing on plaintiff's motion for a preliminary injunction did not explore fully the merits of the case, it certainly gave plaintiff some idea as to the defenses defendants intend to raise, such that it is not completely "in the dark" on this issue, as it would have

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

3. Plaintiff's opposing brief, record document no. 27, filed September 25, 1991, p. 6.

the court believe. Plaintiff also knew from the pleadings, briefs, etc. in the declaratory judgment action filed by Reuters in the United States District Court for the Eastern District of Pennsylvania[4] what defendants' position is on the issues of this case. Further, defendants filed a proposed answer with their reply brief (record document no. 28, filed October 3, 1991). Finally, plaintiff's argument on this issue is directly contrary to its assertion on page four of its brief that it has

> used the default mechanicism [sic] to squarely frame the positions of the parties and to effect the judicial economy desirable in cases of this nature. All the contract documents are before the Court. No parol evidence is needed. What more can Defendants say?

If defendants cannot possibly have any defense to raise with which plaintiff is not already familiar, how then can plaintiff's conduct of discovery be hindered by the absence of an answer. We find such blatantly inconsistent and unfounded arguments insulting to the court. Moreover, plaintiff appears to labor under the misapprehension that the court should allow the default to stand because it will not put plaintiff to the "unnecessary bother" of trying this case.

*Meritorious defense*

 A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery. *Emcasco, supra,* 834 F.2d at 74. The defendant is not required to prove beyond the shadow of a doubt that it will win at trial, but merely to show that it has a defense to the action which at least has merit on its face. *Emcasco, supra,* 834 F.2d at 74.

Accu–Weather seeks to enforce a contract to supply Reuters with weather information for its global news service and data base. Accu–Weather contends that a contract signed on July 5, 1983 has been extended by various addenda and is in effect until "at least" July 1, 1998. Reuters takes the position that there are no cur-

rently enforceable extensions of the 1983 agreement in effect and that it legally terminated its contractual relationship with Accu–Weather effective July 1, 1991. Accu–Weather seeks a court order compelling Reuters to continue purchasing weather information and services from it through the 1998 contract termination date, as well as monetary damages allegedly caused by Reuters' refusal to utilize its services on or after approximately July 1, 1991.

In addition to denying plaintiff's claims that there is a contract currently in effect, defendants raise three affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) laches; and (3) the existence of an adequate remedy at law. (These defenses are pled in defendants' proposed answer, which is attached to record document no. 28, filed October 3, 1991, as exhibit "A").

This court has more than passing familiarity with the merits of this case and with Reuters' defenses, having conducted an evidentiary hearing in August of this year on plaintiff's motion for a preliminary injunction. At that time the court heard limited testimony on the merits of plaintiff's claim and Reuters' asserted defenses in the context of deciding whether plaintiff had shown a likelihood of success on the merits. Based on the evidence taken at that hearing as well as the briefs filed in support of defendants' motion to set aside the judgment, we find that Reuters has demonstrated meritorious defenses to plaintiff's claim. If defendants prevail on their contention that the addenda which purportedly extend the contract termination date have no legal effect, such that there is no contract currently in effect, and that defendants had a legal right to cancel the contract effective July 1, 1991, plaintiff has no claim. Additionally, plaintiff has no right to injunctive relief if, as defendants contend, it has an adequate remedy at law in the form of monetary damages.

---

**4.** That action, *Reuters v. Accu–Weather,* Civil No. 3–91–1176 was transferred to this court from the United States District Court for the Eastern District of Pennsylvania and has since been consolidated with this case. (See: record document no. 24.)

*Culpable conduct of defendant*

 A defendant's motion to set aside a default should not be granted if the defendant exhibited some degree of culpable conduct in failing to respond to pleadings. In this context, conduct is considered culpable, "if it is 'willful' or 'in bad faith' ... [Citation omitted.] ... or if it is part of a deliberate trial strategy." *Skaggs, supra,* 130 F.R.D. at 529.

Plaintiff argues strenuously that defendants' failure to file an answer was a calculated strategy intended to delay proceedings in this matter. Plaintiff accuses defense counsel of engaging in repeated "foot-dragging" throughout these proceedings. We find no basis for these accusations and disagree strongly with plaintiff's characterization of various acts by defendants. Plaintiff's characterization is a distortion of defendants' conduct and we refuse to attribute to defendants the motives plaintiff ascribes to them. We find nothing dilatory or improper about the way in which defendants have proceeded before this court and take exception to plaintiff's mischaracterization of such conduct as dilatory or improper.

There is, we find, no evidence of willful misconduct or purposeful delay on the part of defendants. To the contrary, we find, as stated in the affidavit of defendants' counsel, that the failure to file an answer in timely fashion was merely an oversight on the part of counsel, attributable in large part to the flurry of activity in this case surrounding the August 8 and 9, 1991 hearing on plaintiff's motion for a preliminary injunction. Plaintiff's amended complaint was filed shortly before commencement of the hearing [5] and we can certainly understand how counsel overlooked the fact that no answer had been filed. See, e.g., *Emcasco, supra,* 834 F.2d at 75 and *de Bueno, supra,* 822 F.2d at 420–21.

\* \* \*

Since all four factors weigh in defendants' favor, we are led to the "inescapable conclusion" that the default should be set aside and that defendants should be granted leave to file an answer to the amended complaint. See: *Emcasco, supra,* 834 F.2d at 75.

---

5. Plaintiff's amended complaint (record document no. 8) was filed July 30, 1991.