BROADCAST MUSIC, INC.,
et al., Plaintiffs,

v.

SPORTS BAR, INC. d/b/a Legends
Sports Bar, Defendant.

Civ. A. No. 92–482–JLL.

United States District Court,
D. Delaware.

Dec. 21, 1992.

Matthew B. Lehr, of Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for plaintiffs.

Edward C. Pankowski, Jr., Wilmington, DE, for defendant.

LATCHUM, Senior District Judge.

OPINION

LATCHUM, Senior District Judge.

I. INTRODUCTION

Before the Court is the motion of defendant Sports Bar, Inc. d/b/a Legends Sports Bar ("Legends Sports Bar") under Federal Rule of Civil Procedure 60(b) to vacate the default judgment entered against it. On August 17, 1992, plaintiffs Broadcast Music, Inc., *et al*, ("BMI") commenced this action against Legends Sports Bar by filing a complaint which alleged twenty-two separate claims of copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and sought statutory damages for each separate claim. Complaint of BMI, Docket Item ("D.I.") 1. Plaintiff BMI promptly served defendant Legends Sports Bar's registered agent for the service of process with a summons and a copy of the complaint as required by Rule 4 of the Federal Rules of Civil Procedure. *See* Return of Service, D.I. 3. Defendant Legends Sports Bar failed to answer, move, plead, or otherwise respond to the complaint within the 20 day period provided in Rule 12 of the Federal Rules of Civil Procedure. On October 15, 1992, BMI filed a request for default pursuant to Federal Rule of Civil Procedure 55(a). Request For Entry Of Default, D.I. 5. On that same day the Clerk of the Court entered a default against defendant Legends Sports Bar. Order of Default, D.I. 6. Thereafter, BMI filed a motion under Federal Rule of Civil Procedure 55(b)(2), supported by affidavits, seeking the imposition of a default judgment against Legends Sports Bar. Motion For Default Judgment And Memorandum of Law And Affidavits In Support Thereof, D.I. 7, 8, 9, 10, 11, 12. On October 16, 1992, the Court entered a default judgment against defendant Legends Sports Bar and awarded plaintiff BMI the

following: (1) statutory damages in the amount $22,000.00 ($1,000 for each separate claim of copyright infringement); (2) reasonable attorney's fees and court costs in the amount of $697.50; and (3) a permanent injunction against Legends Sports Bar enjoining it from further copyright infringement. Order Of Default Judgment, D.I. 7. Defendant Legends Sports Bar now petitions the Court to vacate the default judgment. For the reasons stated more fully below, defendant's motion is denied.

## II. STANDARD IN THE THIRD CIRCUIT FOR VACATING A DEFAULT JUDGMENT UNDER RULE 60(b)

Under the well-established law in the Third Circuit, the district courts must consider four factors in determining whether to vacate a default judgment: (1) whether the lifting of the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Emcasco Insurance Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir.1987); *see also International Brotherhood Local Union No. 313 v. Skaggs*, 130 F.R.D. 526, 528 (D.Del.1990). However, the United States Court of Appeals for the Third Circuit has held in *U.S. v. $55,518.05 In U.S. Currency*, 728 F.2d 192 (3d Cir.1984), that where, as a threshold matter, the defendant seeking to set aside the default judgment has not established a *prima facie* meritorious defense, the district court should not vacate the default judgment. *Id.* at 195. In *$55,518.05 In U.S. Currency*, Judge Higginbotham stated, "The threshold question in this case is whether [defendant] Golden has established a meritorious defense. This is the critical issue because without a meritorious defense Gold could not win [at] trial. Therefore, there would be no point in setting aside the default judgment ... if Golden could not demonstrate the possibility of his winning." *Id.; see also United States v. Single Story Double Wide Trailer*, 727 F.Supp. 149, 152–53 (D.Del.1989).

## III. APPLICATION OF THESE RULES TO THE PRESENT CASE

■ Applying these principles to the present case, it becomes readily apparent that the defendant Legends Sport Bar has not satisfied its burden under Rule 60(b). The only defense asserted by Legends Sports Bar in its motion is that of indemnification from a third party. In its motion, defendant states "Legends Sports Bar believes it has a meritorious defense to all or part of this action due to an indemnification agreement that exists between Legends Sports Bar's previous owner, Paul Ogden, and the present owner, Timothy Starobynski, wherein Ogden agreed to pay all corporate debts of Legends Sports Bar, which includes any debt for a public performance rights license." Motion For Relief From Default Judgment Pursuant To Fed. R.Civ.P. 60(b), D.I. 13 at 3. The defense asserted by Legends Sports Bar is clearly not a *prima facie* meritorious defense to this suit. The Third Circuit stated in *$55,518.05 In U.S. Currency*, "[t]he a showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established [at] trial, would constitute a complete defense to the action.'" *$55,518.05 In U.S. Currency*, 728 F.2d at 195 (citations omitted). Under this standard, the defense of indemnification asserted by defendant Legends Sports Bar is not a complete defense because it does not have any impact on plaintiff BMI's right to recover. The defense of indemnification only establishes defendant's right to recover from a third party in a collateral litigation.

Consideration of the other factors of the Third Circuit's test for vacating a default judgment, further reveals the impropriety of vacating the default judgment. Plaintiff BMI conceded at the oral argument held on December 2, 1992, that the only prejudice it would suffer by the Court's vacating the default judgment would be to postpone BMI's recovery. But setting aside the default judgment would only postpone the inevitable because defendant Legends Sports Bar has not asserted a *prima facie* meritorious defense. Moreover, the record

in this case reveals that Legends Sports Bar ignored BMI's repeated requests to cease its unauthorized public performances of BMI-licensed music and to enter into a licensing agreement with BMI. *See* Declaration of Lawrence E. Stevens, D.I. 9. Therefore, the inference to be drawn from the record is that the defendant's failure to answer, move, plead, or otherwise respond was not the result of excusable neglect. Finally, alternative sanctions, such as the imposition of plaintiff BMI's attorney's fees incurred in opposing the motion, would in the end simply force Legends Sports Bar to incur even greater costs in this litigation. Because Legends Sports Bar does not have a *prima facie* meritorious defense, at the very least the Court would be forced to reinstate its earlier award to plaintiff after a motion for summary judgment. Thus, the imposition of alternative sanctions would force defendant to pay not only the amount of the previous default judgment but also plaintiff BMI's additional attorney's fees incurred defending this motion.

▄ Legends Sports Bar also advances another basis for vacating the default judgment which the Court may dispose of in short shrift. Legends Sports Bar contends that the service of process made upon it was defective because it was not effectuated at the address of its registered agent for service of process. Motion For Relief From Default Judgment Pursuant To Fed. R.Civ.P. 60(b), D.I. 13 at 2. This contention is without merit. Plaintiff BMI effectuated service of process upon Legends Sports Bar's registered agent for the service of process, Mr. de la Coesta. BMI obtained the address of Legends Sports Bar's registered agent from the Delaware Secretary of State. The address listed with the Secretary and provided to BMI was "303 N. Lincoln Street, Wilmington, Delaware". Francis P. Fiorelli, BMI's process server, arrived at the designated address and attempted to serve process upon the registered agent. Mr. Fiorelli learned from a sign on the building that Mr. de la Coesta's business had relocated to 3200 Lancaster Avenue, Wilmington, Delaware. Mr. Fiorelli went to that address and was informed

by an adult woman, who represented herself as an assistant to Mr. de la Coesta, that this in fact was his office and that he was out of the office. Whereupon, Mr. Fiorelli served her with a summons and copy of the complaint. *See* Declaration Of Francis Fiorelli, D.I. 16.

It is obvious from the facts in the case that the service made by BMI was not defective. Service was effectuated at the office of Legends Sports Bar's registered agent as permitted under Rule 4. BMI should not be disadvantaged because of Legends Sports Bar's failure to apprise the Delaware Secretary of State of a change in the address of its registered agent. Moreover, "[i]t is inconceivable that neither defendant, the registered agent, nor the principal of the Sports Bar, Inc. are unaware that ... [the registered agent] has changed its location to that address." Plaintiff's Opposition To Defendant's Motion To Vacate Default Judgment, D.I. 14.

## IV. CONCLUSION

For the reasons set forth above, the motion of Legends Sports Bar to vacate the default judgment will be denied. An order consistent with this opinion shall issue forthwith.