Edith JOHNSON and Frank Johnson, H/W, Plaintiffs,

v.

GARDEN STATE BRICKFACE AND STUCCO COMPANY, Defendant.

Civ. A. No. 92–2805.

United States District Court, E.D. Pennsylvania.

Jan. 29, 1993.

618

Robert H. Black, Law Offices of Black and Older, Philadelphia, PA, for plaintiffs.

Kevin J. O'Brien, Marks, Kent & O'Neill, P.C., Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

This personal injury action was filed by plaintiffs, Edith and Frank Johnson against defendant, Garden State Brickface and Stucco Company, on May 14, 1992 as the result of an accident on July 19, 1991. Jurisdiction is premised upon diversity of citizenship. 28 U.S.C. § 1332.

The basic facts of this case are not in dispute. Defendant allegedly allowed cement to collect in a sewage pipe which caused flooding in June DiNapoli's, plaintiffs' daughter's, basement. Ms. DiNapoli subsequently filed a property damage claim with defendant's insurance company, Commerce and Industry Insurance Company ("Commerce"). Commerce tendered a check to Ms. DiNapoli in settlement of this claim. In an effort to clean up the flooding and to dry out the basement and its contents, Ms. DiNapoli placed a wet mat outside the basement door in a screened in porch. Six days later, on July 19, 1991, Mrs. Johnson slipped on the mat and thereby sustained personal injuries.

In August, 1991 plaintiff contacted American International Insurance Company ("American") regarding liability on the part of defendant, Garden State Brickface, for the injuries suffered by plaintiff when she slipped on the mat. Plaintiff continued to communicate with American until April, 1992 at which time American informed plaintiff that it was not the insurer of defendant at the time of the accident. In the apparent belief that Commerce was the proper insurer for personal injury, defendant contacted Commerce. On May 14, 1992 plaintiffs filed this action. When defendant failed to respond, plaintiff filed a motion for default judgment to be entered against defendant which this court granted on September 25, 1992.

Unbeknownst to the plaintiffs or this court, defendant had filed a petition for Chapter 11 status in the United States Bankruptcy Court in the Southern District of New York on March 15, 1991. On May 19, 1992 foreclosure proceedings began against defendant and shortly thereafter, the President of defendant resigned. On September 8, 1992, the Bankruptcy status of defendant was converted from Chapter 11 reorganization to Chapter 7 liquidation.

The issue presently before the court is whether in light of defendant's bankruptcy status, default judgment was properly entered against defendant and, if so, whether the default judgment should be lifted pursuant to Fed.R.Civ.P. 60. For the reasons which follow, we find that default judgment was not violative of the automatic stay provision of the Bankruptcy Code. However, as a matter within this court's discretion, under Fed.R.Civ.P. 60 we will lift the entry of default judgment and allow the case to proceed on the merits.

## A.

Plaintiffs' claim arose subsequent to the filing of the Chapter 11 bankruptcy petition and, therefore, was not subject to the automatic stay provision of 11 U.S.C. § 362 at that time. *In re M. Frenville Co.*, 744 F.2d 332, 335 (3d Cir.1984). However, relying on § 348(d) defendant argues that the Chapter 7 conversion triggered application of the stay to plaintiffs' claim. Section 348(d) states that "[a] claim against the estate or the debtor that arises after the

order for relief but before conversion ... shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." Accordingly, defendant avers that plaintiffs' claim must be deemed a pre-petition claim which would be automatically stayed under § 362. However, seemingly in contradiction to subsection (d), subsection (a) of § 348 provides:

Conversion of a case from a case under one chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a).

While we recognize that some cases have relied on § 348(d) to find that the date of conversion is controlling, *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984) (when exemptions can be claimed by the debtor); *In re Hoggarth*, 78 B.R. 1000, 1002 (Bkrtcy.N.D. 1987) (the commencement date of the preference period); *In re Miller*, 57 B.R. 52, 53 (Bkrtcy.S.C.1985) (non-dischargeability of a debt as a result of fraud or false pretenses) this court concludes that a conversion from a Chapter 11 to a Chapter 7 petition does not trigger a new automatic stay.

Section 362 states that "a petition filed under section 301, 302, or 303 of this title operates as a stay." Sections 301, 302 and 303 merely relate to whether the petition was filed voluntarily, jointly or involuntarily, respectively. Section 301 provides that the case is commenced upon the filing of the debtor's petition with the bankruptcy court. *In re Langholf*, 37 B.R. 414 (Bkrtcy.N.D.Ill.1984). If Congress had intended a conversion to affect the automatic stay provision, it clearly could have so stated. *In re State Airlines, Inc.*, 873 F.2d 264, 268 (11th Cir.1989) (relief from stay for pre-petition cause of action not affected by subsequent conversion). We are also persuaded by the language in the applicable sections of the Bankruptcy Code. Section 348(a) refers to three significant times

in the life of a bankruptcy case: the date of the filing of the petition, the commencement of the case and the order for relief. The automatic stay provision, § 362, refers to the filing of the petition. Section 301, regarding the filing of a voluntary petition, refers to the commencement of the case. However, § 348(d) upon which defendant relies speaks in terms of the order for relief only. Thus § 348(a) rather than § 348(d) is applicable to our determination of whether the conversion warrants a new automatic stay. *In re State airlines*, 873 F.2d at 268. The conversion from a Chapter 11 to a Chapter 7 proceeding is irrelevant in this case. *See General Electric Credit Corp. v. Nardulli & Sons, Inc.*, 836 F.2d 184, 192 (3d Cir.1988) (Trustee's status as hypothetical lien creditor not affected by conversion); *Vogel v. Russell Transfer, Inc.*, 852 F.2d 797 (4th Cir.1988) (date of original Chapter 11 filing controls determination of preferences). Accordingly, we find that since plaintiffs' claim was post-petition at the time the Chapter 11 petition was filed, it maintained that status after the conversion to a Chapter 7 liquidation as well.

### B.

 Defendant alternatively requests that we lift the default judgment pursuant to Fed.R.Civ.P. 60. Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... [any] reason justifying relief from the operation of the judgment.

In making such a decision, we are required to consider three factors: whether vacating the judgment will prejudice the plaintiffs; whether the defendant has a meritorious defense; and, whether the default was the result of the defendant's culpable conduct. *Central W. Rental Co. v. Horizon Leasing*, 967 F.2d 832 (3d Cir.1992). Moreover, the Third Circuit frowns upon defaults and encourages setting aside the default in favor of reaching the merits of the case if there is any doubt as to the appropriateness of the default judgment. *Accu–*

*Weather, Inc. v. Reuters, Ltd.,* 779 F.Supp. 801, 802 (M.D.Pa.1991).

Prejudice will enure to plaintiff if "circumstances have changed since the entry of the default such that plaintiff's ability to litigate [the] claim is now impaired in some material way." *Accu–Weather, Inc.,* 779 F.Supp. at 802. Plaintiffs argue that because Mrs. Johnson is 74 years old and in deteriorating health, in the event she is hospitalized or becomes ill her ability to litigate her claim will be impaired. With all respect to Mrs. Johnson, this argument applied equally prior to the default as well as now. Plaintiffs have failed to convince the court that her health has changed significantly since September 25, 1992 when we entered default judgment.

Second, a meritorious defense is one which, if proven at trial, would bar plaintiffs' recovery. *Accu–Weather, Inc.,* 779 F.Supp. at 803. The issue which determines liability in this case is whether defendant's alleged negligent act of permitting the cement to clog the sewage drain was the proximate cause of plaintiffs' injuries. This is clearly a question for a jury and not for the court. Thus, we cannot say that defendant's defense wholly lacks merit.

Lastly, conduct is considered culpable if it is willful or in bad faith or if it is a part of a deliberate trial strategy. *Accu–Weather, Inc.* 779 F.Supp. at 804. Plaintiffs contend that Admiral Insurance Co., another insurer potentially liable for Mrs. Johnson's injuries, had notice prior to September 30, 1992, the date defendant claims it first became aware of Mrs. Johnson's claim. Further, plaintiff argues that Admiral's failure to become aware of the claim earlier was due to Admiral's inattention to the matter. Although all of plaintiffs' contentions may be true, this does not satisfy the culpable conduct standard enunciated above.

Thus, having considered all of the factors necessary to make our determination whether to lift the default judgment or not, we conclude that this case should be addressed on the merits and the default judg-ment entered by this court on September 25, 1992 should be lifted.

An appropriate order follows.

## ORDER

AND NOW, this 29th day of January, 1993 upon consideration of Defendant's Petition to Lift Default Judgment and Plaintiffs response thereto, it is hereby ORDERED that:

1. The Default Judgment was properly entered and, therefore, was not violative of the automatic stay provision of the Bankruptcy Code;

2. Pursuant to Fed.R.Civ.P. 60(b) the Default Judgment entered by this court on September 25, 1992 is hereby VACATED; and

3. Defendant is given fifteen (15) days from the filing date of this Order to file an appropriate responsive pleading to Plaintiffs' Complaint.