Joseph **SPURIO**, Pro Se, Plaintiff,

v.

**CHOICE SECURITY SYSTEMS, INC.**, Defendant.

Civ. A. No. 94–7179.

United States District Court, E.D. Pennsylvania.

March 27, 1995.

---

Joseph C. Spurio, Philadelphia, PA, pro se.

Galen D. Hawk, King of Prussia, PA, for defendant.

### *MEMORANDUM AND ORDER*

ANITA B. BRODY, District Judge.

Joseph Spurio, proceeding *pro se*, brought this suit against Choice Security Systems, Inc., a distributor of home security systems that formerly employed him, alleging that Choice contravened federal and state tax laws by classifying his employment status as that of an "independent contractor" rather than an "employee" and thereby committed civil rights violations actionable under 42 U.S.C. §§ 1981 & 1983 and employment discrimination actionable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. Before me are plaintiff's motions for appointment of counsel and for default judgment. For the reasons set forth below, I will deny both of these motions.

## I. MOTION FOR APPOINTMENT OF COUNSEL

█ Plaintiff requests counsel under 42 U.S.C. § 2000e–5(f)(1), the provision of Title VII that grants a district court discretion to appoint counsel in employment discrimination cases upon application of the plaintiff "in such circumstances as the court may deem just." Title VII plaintiffs have no right to counsel under this provision. *Auchinleck v. Frank*, No. 91 Civ. 0723, 1991 WL 108807, at *2 (E.D.Pa. June 12, 1991). Rather, courts asked to appoint counsel in Title VII cases such as this must weigh the following factors before ordering such appointment: (i) the ability of the plaintiff to afford an attorney; (ii) the merits of the plaintiff's case; (iii) the efforts made by the plaintiff to secure counsel; and (iv) the capacity of the plaintiff to present the case adequately without aid of counsel. *Id.; Poindexter v. Federal Bureau of Investigation*, 737 F.2d 1173, 1185 (D.C.Cir.1984).

█ Application of the relevant factors here compels me to deny plaintiff's request for appointment of counsel. Plaintiff avers in support of his request only that he is unemployed and thus cannot afford counsel. While this assertion may satisfy the standard imposed by the first factor, it is manifestly inadequate with respect to the remaining three. Plaintiff's request nowhere indicates that he has attempted to retain counsel, and I cannot excuse this required showing merely because plaintiff alleges that he lacks the resources for a private attorney. Legal services organizations exist to pursue cases for low-income clients, and, because Title VII allows for recovery of attorney's fees under 42 U.S.C. § 2000e–5(k), this case may hold added attraction for such an organization or for private counsel. *Compare Mann v. Main Line Personnel Serv., Inc.*, No. 90 Civ. 5144, 1992 WL 30445, at *1 (E.D.Pa. Feb. 14, 1992) (Title VII plaintiff could obtain assistance of legal services organization, which could be reimbursed by statute's fee award provision); *Auchinleck*, 1991 WL 108807, at *2 (denying request for appointment of counsel where plaintiff was in contact with legal services organization).

Review of the complaint, moreover, discloses that plaintiff's claim may be weak on the merits. Without ruling on the sufficiency of the allegations here, I note that the complaint fails to allege, as it must, the state action or action "under color of law" required for plaintiff's § 1983 claims. *E.g., Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1264 (3d Cir.1994). It also fails to allege the membership in a protected class required to maintain claims under § 1981 and Title VII. *E.g., Bolden v. Archdiocese of Philadelphia,* No. 94 Civ. 3899, 1995 WL 46694, at *3 (E.D.Pa. Feb. 1, 1995) (§ 1981 claims), *reconsideration denied,* 1995 WL 66717 (E.D.Pa. Feb. 15, 1995); *Ezold v. Wolf, Block, Schorr & Solis–Cohen,* 983 F.2d 509, 522 (3d Cir.) (Title VII claims), *cert. denied,* —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993). These potential weaknesses argue against granting plaintiffs' request for appointment of counsel. *Cf. Auchinleck,* 1991 WL 108807, at *2 (denying appointment of counsel where complaint's allegations disclosed weakness of case).

For the foregoing reasons, I cannot conclude that appointment of counsel under Title VII is appropriate here. Accordingly, I will deny plaintiff's appointment of counsel request.

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff has also moved for a default judgment pursuant to Fed.R.Civ.P. 55, asserting that defendant has not answered the complaint within 20 days of service as required by Fed.R.Civ.P. 12(a). For purposes of this motion, the relevant chronology is as follows: plaintiff's complaint was served on defendant on December 1, 1994; defendant entered an appearance and served its answer on plaintiff on December 23, 1994; and plaintiff filed his motion for default judgment on December 27, 1994, which defendant responded to on January 17, 1995. Plaintiff is correct that defendant's answer was technically untimely. Nevertheless, I will exercise my discretion to allow defendant's answer, and I will thus deny plaintiff's motion for default judgment.

In the Third Circuit, the following factors govern the disposition of a motion for default judgment: (i) whether the plaintiff will be prejudiced if the default is denied; (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir.1984); *Stevens v. Wiggins,* No. 90 Civ. 7038, 1991 WL 152960, at *1 (E.D.Pa. Aug. 6, 1991). Because a motion for default judgment is addressed to the court's discretion, *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir.1984), the movant is not entitled to a default judgment as of right, even "when the defendant is technically in default." 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2685 (1983) (*quoted in Stevens,* 1991 WL 152960, at *1). Indeed, courts disfavor such motions, preferring to decide cases on the merits. *$55,518.05 in U.S. Currency,* 728 F.2d at 195–95. Applying these principles here, I conclude that a default judgment is not warranted.

First, plaintiff can demonstrate no prejudice arising from defendant's default other than the short delay caused by defendant's tardiness in filing an answer. That delay amounted to two days when the date of service of the complaint is subtracted from the calculation, as required by applicable computation rules. *See* Fed.R.Civ.P. 6(a) (in calculating time periods under federal rules court should subtract date of event from which time period begins to run). I cannot conclude that this minimal delay constitutes genuine prejudice here, especially since plaintiff himself delayed this action further by filing this motion after defendant had already filed its answer. *See Stevens,* 1991 WL 152960, at *1 (finding no prejudice in filing of answer three weeks beyond deadline where plaintiff further delayed action by filing motion for default after answer was filed).

Second, defendant appears to have meritorious defenses to plaintiff's claims. A meritorious defense is one that, if established at trial, would constitute a "complete defense to the action." *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982). In addition to asserting as defenses each of the complaint's weaknesses noted above, defendant specifically

disputes that the classification of plaintiff as an "independent contractor" was inaccurate or that plaintiff was ever defendant's "employee." *E.g.,* Answer ¶¶ 18, 21. Obviously, defendant's assertion would undermine the very basis of plaintiff's complaint if established at trial. Thus, the "meritorious defense" factor, too, militates against granting plaintiff's motion. *Cf. Stevens,* 1991 WL 152960, at *2 (defendants' factual contradiction of plaintiff's allegations constituted portion of defendants' meritorious defense and supported denial of motion for default judgment).

Finally, defendant's two-day delay does not rise to the level of culpable conduct. Culpable conduct in the Third Circuit is dilatory behavior that is willful or in bad faith. *See Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 124 (3d Cir.1983); *Stevens,* 1991 WL 152960, at *2. The record must contain evidence affirmatively suggesting culpable conduct; the court should not infer the requisite willfulness or bad faith from the mere delay itself. *See Stevens,* 1991 WL 152960, at *2 (refusing to interpret three-week delay as culpable conduct rather than mere "simple laxness" where record did not suggest willfulness or bad faith). The record here contains no evidence that defendant's two-day delay was intentionally dilatory or otherwise in bad faith. If anything, the brief duration of defendant's delay suggests defendant's good faith attempt to comply with applicable rules. Thus, while I do not condone defendant's laxness or mistake, I find that it does not warrant the harsh sanction of a default judgment.

In sum, application of the Third Circuit's three-prong test leads me to conclude that a default judgment is inappropriate here. Accordingly, I will deny plaintiff's motion for such relief.

## III. CONCLUSION

Plaintiff cannot satisfy the requirements under Title VII for appointment of counsel here. Similarly, he cannot demonstrate that this case merits the entry of a default judgment under Fed.R.Civ.P. 55. Thus, I will deny both plaintiff's request for appointment of counsel and his motion for default judgment.

**IT IS SO ORDERED.**