Robert DUNCAN

v.

**Warden Wilhelmina SPEACH and C.O. Gaskins of the Philadelphia Detention Center.**

Civ. A. No. 94–5729.

United States District Court, E.D. Pennsylvania.

June 14, 1995.

Robert Duncan, Philadelphia, pro se.

Milton Velez, Philadelphia, for defendant.

*MEMORANDUM ORDER*

ANITA B. BRODY, District Judge.

Plaintiff, a prisoner proceeding *pro se*, commenced this action under 42 U.S.C. § 1983 against defendants, city correctional officials, alleging that defendants violated his rights under the Eighth Amendment of the United States Constitution in connection with an incident at the Philadelphia Detention Center during which he was allegedly beaten and subsequently deprived of needed medical care. Before me is plaintiff's request for default judgment, which I treat as a motion pursuant to Fed.R.Civ.P. 55(b), and defendants' motion pursuant to Fed.R.Civ.P. 55(c) to set aside the Clerk of Court's previous entry of default in this case. For the reasons set forth below, I deny plaintiff's motion for default judgment and grant defendants' motion to set aside the previously entered default.

## I. BACKGROUND

Plaintiff effected service of his complaint on defendants on October 20, 1994.[1] Counsel

---

1. It is unclear from the record whether defendant Gaskins, who left the employ of the Philadelphia Prisons System in 1993, was ever served with plaintiff's complaint. The docket registry reflects that he was served by the United States Marshals' Service in accordance with an Order allowing plaintiff to proceed *in forma pauperis,* but a review of the underlying documentation suggests that only defendant Speach was served.

*See* Docket Sheet, Entry No. 4 (Summons with attached United States Marshals' Service Form 285). This uncertainty, however, is of little consequence here because I conclude on other grounds that defendants are entitled to have the default against them set aside. Accordingly, I assume for purposes of this Memorandum Order that defendant Gaskins was properly served.

for defendants filed an entry of appearance on behalf of defendant Speech and a jury demand on November 1, 1994.[2] On November 14, 1994, defendants' counsel attempted to serve plaintiff by mail with that demand and with a stipulation extending the time for answering the complaint. Defs.' Mot. to Set Aside Default at Exh. C (Nov. 21, 1994, Letter from Milton Velez, Esq., to plaintiff). But because plaintiff was transferred to a different incarceration facility, plaintiff did not receive the jury demand and stipulation before the time for answering had elapsed. Moreover, because plaintiff did not inform defendants' counsel of his transfer, the latter did not learn by the answering deadline that plaintiff had not received the proposed stipulation for extension. *See id.* When defendants failed to respond to plaintiff's complaint within the required twenty days, plaintiff requested and obtained a default from the Clerk of Court on November 17, 1994.

Notwithstanding his entry of appearance, defendants' counsel was not served with or otherwise notified of the default entered against defendants. Consequently, defendants' counsel filed a motion for more definite statement of claim on November 21, 1994. That motion, which was also marked by correspondence errors and miscommunication, was ultimately denied as moot. Meanwhile, plaintiff was repeatedly transferred among various prisons, including the State Correctional Institutions at Waymart and Dallas and a facility in the Philadelphia area. *See* Defs.' Mot. to Set Aside Default at Exhs. C (Nov. 21, 1994, Letter from Milton Velez, Esq., to plaintiff), E (Dec. 20, 1994, Letter from Milton Velez, Esq., to plaintiff), & F (Jan. 19, 1995, Letter from Milton Velez, Esq., to plaintiff). Perhaps because of plaintiff's prison transfers, defendants' counsel did not learn of the entry of default against defendants until plaintiff made passing reference to it during a telephone conversation with defendants' counsel on April 27, 1995. Defs.' Mot. to Set Aside Default ¶ 17.

Shortly thereafter, defendants' counsel moved under Fed.R.Civ.P. 55(c) to set aside the default. I address this motion together with plaintiff's request for default judgment, which, though mistakenly denominated a motion under Fed.R.Civ.P. 12(b), I treat as a motion for default judgment under Fed.R.Civ.P. 55(b).[3]

## II. DISCUSSION

Fed.R.Civ.P. 55(b)(2) provides that where the opposing party has appeared in the action, the party seeking a default judgment "shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2). Fed.R.Civ.P. 55(c) provides that "for good cause shown the court may set aside an entry of default" by the Clerk of Court. Fed.R.Civ.P. 55(c). Because motions under these two provisions are essentially mirror images of one another, they are appropriately treated together. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (opposition to motion for default judgment can be treated as motion to set aside default); *Kim v. City of New York*, No. 90 Civ. 1487, 1990 WL 83465, at *1 n. 3 (S.D.N.Y. June 13, 1990) (same standards govern motion for default judgment under Fed.R.Civ.P. 55(b)(2) and motion to set aside default under Fed.R.Civ.P. 55(c)).

The following factors are considered on both a motion for default judgment and a motion to set aside an entry of default: (i) whether the plaintiff will be prejudiced if the default is denied or lifted; (ii) whether the defendant has a meritorious defense; and (iii) whether the default was a product of the defendant's culpable or inexcusable conduct. *United States v. $55,518.05 in U.S. Currency*,

---

2. While the record does not reflect that an entry of appearance has ever been filed for defendant Gaskins, the motion to set aside the default is plainly styled on behalf of defendants Speech and Gaskins. Thus, I construe the relevant actions of defendant Speech's counsel, Milton Velez, Esq., to have been taken on behalf of defendant Gaskins as well.

3. Plaintiff appears to be attempting to invoke Fed.R.Civ.P. 12(a), which requires a defendant to file an answer within 20 days of being served. Fed.R.Civ.P. 12(a). This provision is the source of defendants' default here.

728 F.2d 192, 195 (3d Cir.1984) (motion for default judgment); *Spurio v. Choice Sec. Sys., Inc.*, 880 F.Supp. 402, 404 (E.D.Pa.1995) (motion for default judgment); *Metlife Capital Credit Corp. v. Austin Truck Rental of Allentown, Inc.*, No. 92 Civ. 2354, 1992 WL 346772, at 2 (E.D.Pa. Nov. 10, 1992) (motion to set aside entry of default); *Accu–Weather, Inc. v. Reuters Ltd.*, 779 F.Supp. 801, 802 (M.D.Pa.1991) (motion to set aside entry of default).

■ Because a motion for default judgment is addressed to the court's discretion, *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir.1984), the movant is not entitled to a default judgment as of right, even "when the defendant is technically in default." 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2685 (1983) (*quoted in Stevens v. Wiggins*, No. 90 Civ. 7038, 1991 WL 152960, at *1 (E.D.Pa. Aug. 6, 1991)). Indeed, courts disfavor such motions, preferring to decide cases on the merits. *$55,518.05 in U.S. Currency*, 728 F.2d at 195–95. The judicial hostility to foreclosing a review on the merits also finds expression in the context of motions to set aside the entry of default, where courts are to apply a "standard of liberality" and "resolv[e] all doubts in favor of the defaulting party." *Metlife Capital Credit Corp.*, 1992 WL 346772, at *2; *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 415 (E.D.Pa.1981).

■ Applying these principles here, I exercise my discretion to deny plaintiff's request for a default judgment and to set aside the default previously entered against defendants in this case. Plaintiff's request for default judgment rests solely on defendants' failure to answer his complaint within the twenty days required by Fed.R.Civ.P. 12(a). But aside from the need to defend on the merits, plaintiff can demonstrate no prejudice resulting from defendants' default, and indeed has not even attempted to. Allowing defendants to put plaintiff to his proof does not in itself materially impair or otherwise compromise plaintiff's claim so as to constitute the sort of prejudice contemplated by the default judgment rule. *See Metlife Capital Credit Corp.*, 1992 WL 346772, at *3 ("prejudice" for purposes of Fed.R.Civ.P. 55 requires showing that claim would be materially impaired because of loss of evidence or other substantial factor). Accordingly, the prejudice factor militates against entry of a default judgment and in favor of setting aside the previous default.

Also undermining plaintiff's position is the second factor in the analysis, which asks whether defendants have available a meritorious defense. The requisite standard does not require defendants "to prove beyond a shadow of a doubt that [they] will win at trial, but merely to show that [they have] a defense to the action which at least has merit on its face." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987). Defendants cite several facially valid defenses here. These include the absence on the part of either defendant of the deliberate indifference necessary for plaintiff to prevail on an Eighth Amendment claim; the unavailability under 42 U.S.C. § 1983 of *respondeat superior* liability against defendant Speach; and defendants' qualified immunity from plaintiff's claim. Because such defenses possess at least the appearance of validity, they are sufficient to meet the "meritorious defense" requirement.

Finally, I have no difficulty concluding that defendants' conduct does not rise to the level of "culpable" here. Culpable conduct in the Third Circuit is dilatory behavior that is willful or in bad faith. *See Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir.1983); *Metlife Capital Credit Corp.*, 1992 WL 346772, at *3; *Stevens*, 1991 WL 152960, at *2. Such conduct is not inferred from the default itself but must appear independently in the record. *Spurio*, 880 F.Supp. at 405.

The record before me discloses that defendants' counsel acted with reasonable diligence in defending this action, attempting to secure a stipulation from plaintiff extending the time for answering plaintiff's complaint. Defendants' default was attributable wholly

to defendants' innocent failure to learn of plaintiff's various prison transfers. While plaintiff is of course not responsible for these transfers, he is responsible for ensuring that defense counsel are apprised of his address changes. *See* Fed.R.Civ.P. 5 (written notices must be served on opposing party). As plaintiff appears to have failed to accord prompt notice to defendants of his new addresses, defendants' resulting default cannot be characterized as "culpable" here. *Cf. James v. McMickens,* No. 86 Civ. 0217, 1987 WL 9202, at *1 (S.D.N.Y. Apr. 1, 1987) (denying *pro se* prisoner's motion for default judgment where court and opposing counsel were not promptly notified of prisoner's change of address).

## III. CONCLUSION

Defendants' technical default does not warrant the harsh sanction of a default judgment under the stringent requirements applied to motions under Fed.R.Civ.P. 55(b), especially given that plaintiff appears at least partially responsible for that default. Conversely, the diligence of defendants' counsel is sufficient to meet the proportionately liberal standard of Fed.R.Civ.P. 55(c) that allows a court to set aside a previously entered default. I therefore deny plaintiff's request for a default judgment, and I grant defendants' motion to set aside the previously entered default in this case.

**IT IS SO ORDERED.**