Octavia DIZZLEY,

v.

**FRIENDS REHABILITATION PROGRAM, INC.**

No. CIV. A. 00–3811.

United States District Court, E.D. Pennsylvania.

May 21, 2001.

William J. Fox, Philadelphia, PA, for plaintiff.

Jan Fink Call, Hoyle, Morris & Kerr, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

KELLY, District Judge.

Presently before the Court is a Motion to Set Aside Entry of Default and for Leave to Answer Complaint, which was filed by the

Defendants, Friends Rehabilitation Program, Inc. ("FRP"). The Plaintiff, Octavia Dizzley ("Dizzley"), filed suit in this Court alleging sex discrimination. Dizzley served her Complaint on FRP on September 13, 2000. By October 3, FRP had not yet answered the Complaint. Default was eventually entered against FRP. FRP consequently filed the instant Motion, as well as a Motion to Postpone Hearing and Expedite Consideration of its Motion to Set Aside Entry of Default.

## I. BACKGROUND

Based on the papers filed with regard to this Motion, and matters discussed at a hearing held on this matter, the facts surrounding FRP's failure to answer Dizzley's Complaint are as follows. FRP was served with the Complaint on September 13, 2000. FRP's Deputy Director, Chris Betts ("Betts"), forwarded it to FRP's insurance broker but never told anyone at FRP about it. Betts subsequently left FRP's employ. A response to the Complaint was due by October 3, 2000. On October 16, 2000, FRP's insurance broker notified FRP's Executive Director, James Wilcox ("Wilcox"), about Dizzley's Complaint. Wilcox began the process of obtaining legal counsel, but because of his inexperience with legal matters and his assumption of Betts's workload, he neglected to do so for almost three months.[1] Finally, in the last week of December, 2000, after the Court notified Wilcox that Dizzley was seeking an entry of default judgment against FRP, Wilcox promptly retained counsel to handle this case.

## II. STANDARD OF REVIEW

■■■ Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside "for good cause shown." Fed. R.Civ.P. 55(c).[2] That determination is made in the sound discretion of the district court. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir.1984). When

exercising that discretion, district courts must consider whether: (1) the plaintiff will be prejudiced if the default is set aside; (2) the defendant has a meritorious defense; and (3) the default was a product of the defendant's culpable or inexcusable conduct. *Id.* at 195 (motion for default judgment); *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F.Supp. 801, 802 (M.D.Pa.1991) (motion to set aside entry of default). Moreover, the entry of a default is not favored, and the court should employ a "standard of liberality" that resolves all doubts in favor of the defaulting party. *Gross v. Stereo Component Sys.*, 700 F.2d 120, 122 (3d Cir.1983); *In re Arthur Treacher's Franchise Litig.*, 92 F.R.D. 398, 415 (E.D.Pa.1981). Indeed, courts enjoy the inherent power to ignore minor procedural defects because they should, whenever practicable, reach the merits of a case. *See, e.g., Jorden v. National Guard Bureau*, 877 F.2d 245, 251 (3d Cir.1989).

## III. DISCUSSION

■■■ In the instant case, the three factors the Court must consider combine to advocate setting aside the entry of default against FRP. First, setting aside the entry of default will not result in any appreciable prejudice to Dizzley. Dizzley states that the prejudice to her "is obvious, especially when the Defendant fails to provide an adequate excuse for its failing to answer the complaint and to proffer a meritorious defense." Pl.'s Resp. to Def.'s Mot. to Set Aside Default at 6. The Court disagrees. Because the prejudice inquiry is separate and distinct from the others, Dizzley cannot conflate it with the others in order to show prejudice. *See Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F.Supp. 115, 118 (E.D.Pa.1996). Given the disfavor with which courts regard an entry of default, Dizzley must do more than simply conclude that prejudice exists. Under Rule 55, the prejudice requirement compels plaintiffs to demonstrate that the

---

1. Dizzley concludes that "Wilcox was not diverted [from this matter because of increased workload, but rather] he willfully chose to ignore the Summons and Complaint." Pl.'s Resp. to Def.'s Mot. to Set Aside Default at 3. Other than her suspicion, Dizzley provides the Court with no basis for this conclusion.

2. Although the analysis is largely the same, the setting aside of an entry of default judgment is governed by Federal Rule of Civil Procedure 60(b). *See* Fed.R.Civ.P. 55(c).

**148**

plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors. *See id.; Duncan v. Speach,* 162 F.R.D. 43, 45 (E.D.Pa.1995). Three months delay, without more, does not establish prejudice to Dizzley.

■ Second, FRP, which claims to have fired Dizzley because of her insubordination, has at least a facially meritorious defense to the claims against it. Rule 55 does not require the defaulting party "to prove beyond a shadow of a doubt that [they] will win at trial, but merely to show that [they have] a defense to the action which at least has merit on its face." *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir.1987). On its face, FRP's claims amounts to the assertion of a legitimate non-discriminatory reason for firing Dizzley. While Dizzley goes to great lengths to demonstrate that the facts do not bear out FRP's claims, the Court, given the procedural posture of the case, can only consider the facial validity of FRP's defenses. Those defenses are facially meritorious and, accordingly, militate in favor of setting aside the entry of default against FRP.

■ Finally, FRP's conduct does not rise to the level of culpable conduct. For the purposes of Rule 55, culpable conduct is "dilatory behavior that is willful or in bad faith." *Gross,* 700 F.2d at 124. FRP's explanation for its failure to answer Dizzley's Complaint may demonstrate negligence that had a dilatory result, but it does not demonstrate dilatory intent or bad faith. The Court accepts FRP's explanation as valid, especially because evidence of dilatory intent must appear independently in the record. *See Spurio v. Choice Sec. Sys., Inc.,* 880 F.Supp. 402, 404 (E.D.Pa.1995). Dizzley made no such evidence part of the record, and, even if she had presented some, the Court would nonetheless be required to resolve all doubts in favor of the defaulting party. *Gross,* 700 F.2d at 122.

No prejudice to Dizzley will result if the Court sets aside the entry of default, FRP has facially meritorious defenses and FRP did not act with dilatory intent. The Court will therefore set aside the entry of default and allow FRP to answer the Complaint.

## ORDER

**AND NOW,** this day of May, 2001, in consideration of the Motion to Set Aside Entry of Default and for Leave to Answer Complaint (Doc. No. 8) and the Motion to Postpone Hearing and Expedite Consideration (Doc. No. 7) filed by the Defendant, Friends Rehabilitation Program, Inc. ("FRP"), the Response to the Motion to Set Aside Default filed by the Plaintiff, Octavia Dizzley, as well as matters discussed at a hearing held on this issue, it is **ORDERED** that: (1) FRP's Motion to Set Aside Entry of Default and for Leave to Answer Complaint is **GRANTED;** (2) FRP's Motion to Postpone Hearing and Expedite Consideration is **DISMISSED** as moot; and (3) FRP is **DIRECTED** to respond to Dizzley's Complaint no later than twenty (20) days from the date of this Order.