Settle order on notice.

**Leonard G. HAMILTON**

v.

**Lieutenant Jack EDELL and Assistant Warden Richard Kluth, Philadelphia Detention Center.**

**Civ. A. No. 72–2061.**

United States District Court,
E. D. Pennsylvania.

May 30, 1975.

David A. Garfunkel, Defendant Assoc. of Phila., Fed. Div., Philadelphia, Pa., for plaintiff.

Stephen T. Saltz, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter comes before the Court on the motion of the defendants Jack Edell and Richard Kluth to set aside a default and the motion of the plaintiff Leonard Hamilton for a default judgment. For the reasons stated herein, we will grant the defendants' motion to set aside the default and deny the plaintiff's motion for a default judgment.

On November 20, 1972, the plaintiff, a non-lawyer pro se prisoner litigant, filed a civil rights complaint against the defendants. The plaintiff was incarcerated at Holmesburg Prison in Philadelphia at the time of the filing and at the time the alleged constitutional deprivations occurred. The complaint, liberally construed, alleges that the defendant Lieutenant Jack Edell denied him the right to see a doctor when he was in intense pain, that Edell threatened him by using abusive language when the plaintiff asked permission to see a doctor, and that Edell refused to notarize the complaint which the plaintiff eventually filed against him. The plaintiff further alleges that Assistant Warden Kluth refused to supply him with a pair of bifocals, which refusal the plaintiff alleges caused him injury. On November 10, 1972, this Court adopted and approved the Report and Recommendation of the United States Magistrate and granted the plaintiff leave to proceed *in forma pauperis*. The Court also directed the defendants to file an answer or otherwise plead in accordance with the Federal Rules of Civil Procedure within twenty days of receipt of a copy of the plaintiff's complaint. This Order was filed with the Clerk on November 20, 1972. On November 30, 1972, a summons was served on each defendant.

No docket entry was made in this case by either party until the plaintiff filed a Praecipe for Entry of Default on November 13, 1973. An entry of default was duly noted on that date on the dock-

et sheet of this case. Also, on November 13, 1973, the plaintiff filed a Motion for Judgment by Default. On March 1, 1974, the defendant filed an answer to the plaintiff's complaint and on March 11, 1974 filed a "Motion to Deny Plaintiff's Request for a Default Judgment".[1]

■ Rule 55(c) of the Federal Rules of Civil Procedure provides in relevant part:

> For good cause shown the court may set aside an entry of default
> · · · ·

This provision vests in the Court a broad discretion to set aside an entry of default in order to accomplish justice. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951); Meyer v. Lavelle, 64 F.R.D. 533 (E.D.Pa.1974); Wagg v. Hall, 42 F.R.D. 589 (E.D.Pa. 1967); Elias v. Pitucci, 13 F.R.D. 13 (E.D.Pa.1952). However, courts look upon default with disfavor, since the interests of justice are best served by a trial on the merits of the case. Tozer v. Charles A. Krause Milling Co., *supra*. Therefore, motions to set aside defaults are considered liberally, with any doubt being resolved in favor of setting aside. Tozer v. Charles A. Krause Milling Co., *supra*; Stuski v. United States Lines, 31 F.R.D. 188 (E.D.Pa.1962). A Rule 55(c) motion to set aside a default may be granted whenever the Court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a willful act. Schartner v. Copeland, 59 F.R.D. 653 (M.D.Pa.1973); Wagg v. Hall, 42 F.R.D. 589 (E.D.Pa.1967); Alo-

pari v. O'Leary, 154 F.Supp. 78 (E.D. Pa.1957). Whether these three criteria have been met is governed by the particular circumstances of the case before the court. Elias v. Pitucci, 13 F.R.D. 13 (E.D.Pa.1952).

■ As to the first factor to be considered, the Court can find no intervening equities or special harm to the plaintiff which would result from the setting aside of the default. The plaintiff was a prisoner at Holmesburg Prison in Philadelphia at the time he filed this complaint. Counsel has informed the Court that the plaintiff was transferred to Greenhaven State Prison in Stormville, New York on August 30, 1973, where he is presently serving a lengthy state sentence. The default was not entered in this case until November 13, 1973, while petitioner was incarcerated in New York. Since that time, the plaintiff has remained in the New York institution. The Court, as well as the attorney representing the plaintiff, have investigated the possibility of having the plaintiff brought into this Court for the trial of this case. It would appear that there is no way in which this case can be tried until the plaintiff is released from incarceration by the New York authorities.

■■ As to the second criteria, the defendants have alleged in their proposed answer and accompanying affidavit several alternate defenses which support a "reasonable showing of a meritorious defense, or at least a credible allegation that such a defense exists." Wagg v. Hall, 42 F.R.D. 589 (E.D.Pa. 1967). In their answer and affidavit, the defendants denied any of the acts upon which the plaintiff's complaint is

---

1. We have treated this motion as one to set aside the entry of default. Indeed, the defendants filed a "Supplemental Memorandum of Law in Support of Their Motion to Open Judgment Under Rule 16(b)" (sic) on March 17, 1974. While no judgment was ever entered in this case, it is obvious that the defendants have treated their earlier motion of March 11, 1974 as one to open either a default or a default judgment, although not specifically labelled as such. It is also apparent that the defendants have misconstrued the distinction between setting aside a default and opening a default judgment.

based. Defendants also contend that at all times concerned with this litigation the defendants acted in good faith and in a reasonable manner. It is well settled that government officials are immune from a suit under 42 U.S.C. § 1983 alleging a deprivation of constitutional rights when facts are established which show that the official was acting with a reasonable good faith belief that his conduct was legal. Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L. Ed.2d 214 (February 25, 1975); Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974); Saunders v. Israel Packel, C.A. No. 74–385 (E.D.Pa. April 29, 1975). While the scope of the defendants' immunity will depend upon the nature of their duties at Holmesburg Prison at the time of the alleged incident, and the defense of good faith must await further factual development, the asserted defense is "meritorious".

The defendants also contend that the complaint fails to state a cause of action upon which relief can be granted. While a prisoner's pro se complaint must be read liberally and we cannot say that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it appears from the face of the plaintiff's inartfully drawn document that he may be alleging no more than imperfect medical care. If the fully developed facts reveal no more than actions on the part of the defendants which at best could be termed negligent, the plaintiff will have failed to state a claim. Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970).

Finally, we find that the defendants have met the third criteria for setting aside a default, i. e., that the default was not the result of inexcusable neglect. The defendants are represented in this action by an attorney from the office of the City Solicitor of Philadelphia, who presented an affidavit to the Court asserting that he first learned of this default when speaking with plaintiff's counsel concerning another matter. Plaintiff's counsel had never contacted the defendants or their counsel prior to the entry of the default or subsequent thereto concerning their failure to file an answer. Upon learning of the default, counsel for the defendants promptly investigated the matter, but was unable to locate a file for the case, although he did find a card which indicated that a file had been opened. He then promptly prepared an answer and a motion to set aside the default. Counsel for the defendants has stated that during the period when the complaint was served on the defendants, "the City Solicitor's office was in the state of transformation wherein lawyers were being rearranged to different positions. Extensive renovation of the office, rearrangement of physical facilities, and reassignment of personnel occurred, which resulted in unsettling the office substantially." [2]

While we do not condone the laxity of defense counsel, under the circumstances of this case the defendants' motion to set aside the entry of default should be granted. As stated by Judge Muir in Schartner v. Copeland, 59 F.R. D. 653 (M.D.Pa.1973) at 657:

> The final reason in support of my decision to set aside the entry of default is that such a judgment would result in extreme inequity. Plaintiff's complaint alleges a substantial deprivation of constitutional rights. In granting default judgment, these allegations would be taken as true. Thus, these three Defendants would be liable to Plaintiff for extensive damages, even though the alleged constitutional deprivations were not proven. (citations omitted).

2. Affidavit In Support of Defendants' Motion for Opening of Summary Judgment, ¶9.

**22**

Accordingly, the following Order is entered:

## ORDER

And now, this 30th day of May, 1975, it is hereby ordered that the defendants' motion to set aside a default is granted and leave is granted the defendants to file an answer in the above captioned case. It is further ordered that the plaintiff's motion for a default judgment is denied. Trial of this action shall commence as soon as the plaintiff notifies this Court that he is no longer incarcerated and/or that he is available for said trial.