Clement I. MOMAH, M.D., Plaintiff,

v.

ALBERT EINSTEIN MEDICAL CENTER, et al., Defendants.

No. 94–CV–7043.

United States District Court, E.D. Pennsylvania.

May 8, 1995.

306

Willan F. Joseph, Philadelphia, PA, for plaintiff.

Hope A. Comisky, Linda J. Karpel, Anderson Kill Olick & Oshinsky, Toi Shields, Albert Einstein Medical Center, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This case has been brought before the Court by motion of the defendants, who have filed a motion pursuant to Fed.R.Civ.P. 55(c) seeking to set aside the entry of default. For the reasons that follow, the motion will be granted.

## I. BACKGROUND

The plaintiff in this case is Dr. Clement I. Momah, M.D., an aspiring obstetrician who has alleged, *inter alia*, that he was discharged from his employment in violation of Title VII. On November 21, 1994, Dr. Momah initiated this lawsuit, naming as defendants the Albert Einstein Medical Center ("AEMC"); Old York Road Ob/Gyn Associates, P.C.; as well as Dr. Sze–Ya Yeh, M.D. and Dr. Jeffrey Levy, M.D. On December 16, 1994, the defendants were served with a copy of the complaint, together with a request to waive service pursuant to Rule 4(d). On January 18, 1994, the defendants accepted service of the complaint. Thus, pursuant to Rule 12(a)(1), the defendants had until February 17, 1995 to submit an answer to the complaint.[1]

On February 3, 1995, Dr. Momah served on the defendants an amended complaint. Defendants' counsel claims that she was under the mistaken impression that the filing of the amended complaint gave her a fresh twenty days in which to respond.[2] As a result, Defendants did not file an answer until February 23, 1995. Meanwhile, Dr. Momah made a request for the entry of default by the clerk, and on February 21, 1995, such default was entered against De-

---

1. Rule 12(a)(1) provides that "a defendant shall serve an answer ... (B) if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent."

2. *See* Rule 15(a) ("A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.").

fendants. Defendants received notice of the entry of default on February 23 and filed the instant motion to set aside default on the following day, February 24, 1995.

## II. *DISCUSSION*

### A. *Rule 55(c) Standard*

 This Court may set aside an entry of default for "good cause shown." Rule 55(c). This provision vests the Court with broad discretion in deciding whether to set aside an entry of default. *Hamilton v. Edell*, 67 F.R.D. 18, 20 (E.D.Pa.1975) (citations omitted). Generally, courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982); *Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir.1976). Thus, Rule 55(c) motions are construed liberally in favor of the movant. *Hamilton*, 67 F.R.D. at 20. The Third Circuit has set forth the factors to examine in resolving the instant motion. Thus, we must determine: (1) whether setting aside the default would prejudice the plaintiff; (2) whether defendant has asserted a meritorious defense; (3) the extent to which the defendant's culpability caused the default; and (4) the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir.1987) (citations omitted); *Farnese*, 687 F.2d at 764; *Foy v. Dicks*, 146 F.R.D. 113, 115 (E.D.Pa.1993).

### B. *Analysis*

#### 1. *Prejudice*

 Prejudice arises where the setting aside of the entry of default results in the loss of relevant evidence or some other occurrence that tends to impair the plaintiff's ability to pursue the claim. *Emcasco*, 834 F.2d at 74. In this case, Defendants filed their answer on the fourth business day after it was due. Dr. Momah argues that he will be prejudiced in that he cannot gain employment until the matter is resolved, but as our court of appeals has noted, " '[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment

entered at an early stage of the proceeding.' " *Id.* (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656–57 (3d Cir. 1982)); *see Foy*, 146 F.R.D. at 115–18 (entry of default set aside where defendant filed answer seven weeks after complaint was served). Moreover, the delay of four business days will not result in prejudice to Dr. Momah with respect to the loss of evidence or witnesses. Accordingly, this Court finds the plaintiff will suffer no prejudice should the entry of default be set aside.

#### 2. *Meritorious Defense*

 A meritorious defense is one which, "if established at trial, would completely bar plaintiffs' recovery." *Foy*, 146 F.R.D. at 116. To satisfy this element, the defendants' answer and pleadings must contain specific facts that would allow them to advance a complete defense. *Id.* (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–96 (3d Cir.1984); *Accu-Weather, Inc. v. Reuters, Ltd.*, 779 F.Supp. 801, 803 (M.D.Pa.1991)). A court requires the defendant to raise specific facts beyond a general denial so that it has some basis for determining whether the defendant can make out a complete defense. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Thus, in order to determine whether Defendants have set forth a meritorious defense, we must analyze the nature of the claims and the defenses thereto. *Id.*

 Dr. Momah's claims can be summarized as follows: (1) discrimination and retaliation on the basis of race and national origin, (2) breach of contract, and (3) defamation. With respect to the first set of claims, Defendants have proffered a meritorious defense if they set forth some legitimate, nondiscriminatory reason for Dr. Momah's termination. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir.1994) (citation omitted). Defendants assert that Dr. Momah's performance generated a number of complaints from patients, that Dr. Momah failed to abide by the terms of his probation, that he failed to comply with various reporting requirements, and that he was frequently late for bedside rounds. After numerous warnings, Dr. Momah was terminated. Thus, Defendants have advanced a

nondiscriminatory reason for Dr. Momah's termination which, if established at trial, would constitute a complete defense to the discrimination and retaliation claims. As a result, they have set forth a meritorious defense sufficient to meet the Rule 55(c) standard.

Dr. Momah has also set forth a claim alleging that Defendants breached the employment contract. Pursuant to the agreement, Dr. Momah is entitled to the right to appeal and a hearing regarding any decision to terminate. The agreement provides as follows:

> ... appropriate action, including termination of my training program, may take place at any time prior to the completion of the above stated period, if such action, including termination, is determined by the Chairman of my department to be either in my best interest or in the best interest of the Medical Center. I will be given an opportunity to appeal such determination through the "fair hearing procedure for house staff" which upon my request will be made available to me from the Office of Academic and Alumni Affairs.

Defendants assert that they complied with the contract's terms. They contend that Dr. Momah was permitted to appeal the decision to discharge him, and was given an appropriate hearing. If defendants establish at trial that they complied with the agreement, they will have a complete defense to this claim. Thus, they have set forth a meritorious defense.

Finally, Dr. Momah has brought a claim of defamation against Defendants. Generally, the defendants in a defamation claim will prevail if they establish the truth of the contested communication. *Strange v. Nationwide Mut. Ins. Co.*, 867 F.Supp. 1209, 1222 (E.D.Pa.1994) (citing *U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 923 (3d Cir.), *cert. denied*, 498 U.S. 816, 111 S.Ct. 58, 112 L.Ed.2d 33 (1990)). Here, Defendants assert that the statements on which Dr. Momah bases his claim are true, and as a result, this Court finds that Defendants have set forth a meritorious defense that would, if established, defeat Dr. Momah's claim of defamation.

Thus, we conclude that Defendants have satisfied their Rule 55(c) burden with respect to the meritorious defense.

### 3. *Defendants' Culpability*

To be "culpable," the conduct leading to the entry of default must have been willful, intentional, reckless or in bad faith. More than mere negligence is required. *Foy*, 146 F.R.D. at 117 (citing *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 124 (3d Cir.1983)). Moreover, the court is also required to consider the extent to which the error is attributable exclusively to defendants' counsel. *Interior Finish Contractors Assoc. v. Drywall Finishers Local Union No. 1955*, 625 F.Supp. 1233, 1239 (E.D.Pa.1985) (citation omitted). Here, Defendants' attorney takes full responsibility for the error, stating that she misunderstood the rule regarding the time in which a defendant must respond to an amended complaint. Her conduct corroborates her story: she filed an answer within twenty days after the amended complaint was served. Thus, while we might characterize her behavior as neglectful, we have no basis for concluding that she acted willfully or intentionally. Thus, this factor militates in favor of setting aside the entry of default.

### 4. *Alternative Sanction*

Our Court of Appeals also requires us to examine the effectiveness of an alternative sanction. We have used this factor in the past and imposed a monetary sanction on defendants to compensate the plaintiff for the time and effort involved in opposing the Rule 55(c) motion and to serve as a "wake-up call," since the defendants had failed to respond in a timely fashion on five occasions in the past. *Foy*, 146 F.R.D. at 117. In this case, however, Defendants filed their answer just four days after it was due. Since we did not conclude that the error was the result of counsel's bad faith, we decline to impose sanctions of a punitive nature. Moreover, this is a case where Rule 55(c) relief is clearly warranted: we have not found Dr. Momah's arguments in opposition to the motion to be even remotely persuasive. Thus, we are also of the mind that an award of

compensatory sanctions would be inappropriate. If Dr. Momah was concerned about the time and expense involved in opposing Defendants' motion, he could have, and given the strength of his argument, should have, declined to oppose the motion.

## III. CONCLUSION

For the reasons set forth above, Defendants' Rule 55(c) motion will be granted. An appropriate order follows.

## ORDER

AND NOW, this 8th day of May, 1995, upon consideration of Defendants' Motion to Set Aside Default, and the response thereto, it is hereby ORDERED, for reasons set forth in the preceding memorandum, that said Motion is GRANTED. Defendants' answer, filed February 23, 1995, need not be refiled. The time limits set for self-disclosure requirements under the Delay Expense and Reduction Plan run from the date of this Order.