**MIKE ROSEN & ASSOCIATES, P.C., Plaintiff,**

v.

**OMEGA BUILDERS, LIMITED, Defendant.**

**Civil Action No. 96–CV–2156.**

United States District Court, E.D. Pennsylvania.

Sept. 11, 1996.

Scott E. Miller, Paoli, PA, for Plaintiff.

John P. Blasko, J.P. Blasko Patent and Law Offices, Doylestown, PA, Jeffrey Philip Paul, Pottsville, PA, for Defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

### I. BACKGROUND

On March 18, 1996 Plaintiff Mike Rosen & Associates, P.C. ("Rosen") filed a complaint against Defendant Omega Builders, Ltd. ("Omega") alleging copyright infringement. Plaintiff Rosen alleged that it was the author of certain architectural documents (the "Architectural Work"), that it had assigned the copyright in the Architectural Work to the

Peter Carolino Company ("Carolino"), and that Carolino had later re-assigned the copyright to Plaintiff Rosen for purposes of this action. Service was alleged to have taken place on April 12, 1996 and when Defendant Omega did not plead or otherwise defend the Clerk of Courts entered default on May 14, 1996, pursuant to Fed.R.Civ.P. 55(a).

On August 8, 1996 Defendant Omega filed a Motion to Set Aside Entry of Default, with an affidavit of Defendant Omega's president, affidavits of counsel, and a proposed answer and counterclaim. Although Defendant Omega has advanced arguments that service was improper, these arguments appear to have been made solely for the purpose establishing that Defendant Omega lacked culpable conduct with regard to the entry of default. Accordingly, we believe that the parties concur that service was effective.[1] Nevertheless, the issue of whether or not Defendant Omega is entitled to have the default set aside remains for our consideration.

We note that Defendant Omega maintains by affidavits that its president, Dionisias Kotsakis ("Kotsakis"), did not know that he had been personally served by Plaintiff's counsel Scott Miller, Esq. ("Miller") at a meeting on April 12, 1996; that Kotsakis had thought he would be meeting only with Plaintiff Rosen on that date, not Plaintiff's counsel; that Miller's meeting with Kotsakis was, a surprise, unethical, and a violation of Pa.R.P.C. 4.2; that attorney Miller had already been notified by letter that Defendant Omega was represented by counsel; that there was even discussion at the meeting about the subject of Defendant Omega's representation; and that all subsequent pleadings were sent by mail to the wrong address.

Plaintiff Rosen filed a response to Defendant Omega's motion on August 26, 1996 which contained a copy of a deposition and several unsworn exhibits. In this response to the motion, Plaintiff Rosen did not deny

that attorney Miller personally served Kotsakis and had received a letter indicating that Defendant Omega was represented by counsel. Plaintiff Rosen did deny Defendant Omega's other allegations and claims attorney Miller only told Kotsakis at the meeting that he was served with process.[2] In addition, Plaintiff Rosen has provided an unsworn listing for "Omega Builders Ltd" from the 1995 Bell Atlantic Yellow Pages with an address that corresponds to the one used by Plaintiff Rosen for all subsequent pleadings.

## II. DISCUSSION

### A. General Legal Standard

█ A court may set aside the entry of default for "good cause shown." Fed. R.Civ.P. 55(c).[3] A decision to vacate entry of default is in the discretion of the court. *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–95 (3d Cir.1984) (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir.1951)). However, "[T]his court does not favor defaults and ... in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 122 (3d Cir.1983). In ruling on a motion to set aside an entry of default under Fed.R.Civ.P. 55(c), a district court should consider whether (1) the plaintiff will be prejudiced; (2) the default was the result of the defendant's culpable conduct; and (3) the defendant has a meritorious defense. *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir.1985). In addition, the court should consider the effectiveness of alternative sanctions. *Emcasco Insurance Co. v. Sambrick,* 834 F.2d 71 (3d Cir.1987).

### B. Plaintiff's Prejudice

Because Plaintiff Rosen will not be prejudiced by setting aside the entry of default, the first factor weighs in favor of Defendant

---

1. The fact that Defendant Omega has not moved to dismiss for improper service further supports our belief.

2. They also allege that the representation was abandoned.

3. Fed.R.Civ.P. 55(c) provides:

Setting Aside Default. For good cause shown the court may set aside an entry of default, and, if a judgement by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Omega. "Delay in realizing the satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default ... entered at an early stage of the proceeding." *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656–57 (3d Cir.1982). Likewise, there is no indication that Plaintiff Rosen will be prejudiced by "loss of available evidence, increased potential for fraud or collusion, or substantial reliance" upon the entry of default. *Id.* at 657. In fact, Plaintiff Rosen's only argument that it has suffered prejudice stems from its allegations that Defendant Omega has no meritorious defense. This argument is unpersuasive at this point because the existence of a meritorious defense is a separate inquiry.

### C. Defendant's Culpable Conduct

■ The second factor requires that we determine whether the default was the result of the defendant's culpable conduct. This factor also weighs in favor of Defendant Omega. In evaluating this factor, "culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 124 (3d Cir.1983). At this time, it appears that a large part of the blame for the entry of default in this case rests with attorney Miller. He personally served Kotsakis at a meeting between the parties at which no counsel should have been or was expected to be present. Pa.R.P.C. 4.2 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

*See Inorganic Coatings, Inc. v. Falberg,* 926 F.Supp. 517, 518 (E.D.Pa.1995).

On the record before us, it appears that attorney Miller knew full well that Defendant Omega was represented by counsel. At the very least, personal service by him under these circumstances has left Plaintiff Rosen open to charges that Kotsakis did not know

that he had been personally served, that Defendant's former counsel was therefore unable to discern that Kotsakis had been served, and that the only papers Kotsakis received at the meeting were brochures and a magazine. While we believe that service by an attorney is proper under the reasoning in *Commodity Futures Trading Commission v. American Corp.,* 693 F.Supp. 168 (D.N.J. 1988), on the record before us we are unable to find any conduct on the part of Defendant Omega which amounts to culpable conduct.[4] This is particularly so in light of the conduct of Plaintiff's counsel

### D. Meritorious Defense

■ We believe Defendant Omega has not shown a meritorious defense and that this third factor weighs in Plaintiff Rosen's favor. A meritorious defense is one which, " 'if established at trial, would completely bar plaintiff['s] recovery.' " *Momah v. Albert Einstein Medical Center,* 161 F.R.D. 304, 307 (E.D.Pa.1995) (citing *Foy v. Dicks,* 146 F.R.D. 113, 116 (E.D.Pa.1993). To fulfill this requirement, the defendant's answer and pleadings must raise specific *facts* which would allow him to advance a complete defense. *Momah,* 161 F.R.D. at 307; *see $55,-518 in U.S. Currency,* 728 F.2d at 196. These specific facts must go beyond a general denial so that the court has some basis for determining whether the defendant can make out a complete defense. *Momah,* 161 F.R.D. at 307 (citing *$55,518.05 in U.S. Currency,* 728 F.2d at 195.)

Defendant Omega has failed to advance a complete defense that warrants setting aside the entry of default. While Defendant Omega purportedly has advanced ten affirmative defenses and two counterclaims, its discussion has been conclusory and without reference to authority. The overall lack of supporting facts would be enough to deny the motion. Nevertheless, we will treat all of the alleged defenses and counterclaims in detail.

#### (1) Defenses Related to Failure to State a Claim

■ Defendant Omega has not explained its first alleged defense, failure to state a

---

4. Defendant Omega did not respond to Plaintiff Rosen's attempt to effect service by mail but this does not amount to culpable conduct.

cause of action. A legal or beneficial owner may maintain an action for copyright infringement under 17 U.S.C. § 501(b):

> The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.

17 U.S.C. § 501(b) (1996). The test for infringement generally applied by courts consists of proof of (1) copying by defendant of an element of the copyrighted work that is an original and (2) ownership of a valid copyright. *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991).

Defendant Omega's general denial of the "originality" of Plaintiff Rosen's Architectural Work does not constitute a meritorious defense. Answer ¶ 3; *see* Complaint ¶ 9.

 Likewise, Defendant Omega's conclusory allegations regarding the second requirement, ownership, do not constitute a meritorious defense. Defendant Omega alleges in defenses five through seven that "Plaintiff does not own the copyright in the work identified in Plaintiff's Complaint," "Plaintiff is not the copyright owner of the work at issue," and "Plaintiff's purported assignment of copyright ... is void." Affirmative Defenses ¶ 5–7. The last allegation appears to be related to Defendant Omega's assertion that Carolino's re-assignment to Plaintiff Rosen was through a champertous agreement. Defendant Omega has only made a general denial regarding the original assignment from Plaintiff Rosen to Carolino. Answer ¶ 3; *See* Complaint ¶ 10.

The ownership argument appears to have no merit. The allegations concerning "ownership" are conclusory because "ownership" is a term of art under 17 U.S.C. § 501(b). The dispositive factual issue is "authorship," not ownership:

> The legislative history [of § 501(b) ] states that "a 'beneficial owner' ... would include, for example, an author who had parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees." H.R.Rep. No. 94–1476, 94th Cong., 2d Sess. 159, *reprinted in* 1976 U.S. Code Cong. & Ad.News 5659, 5775.

*Moran v. London Records, Ltd.*, 827 F.2d 180 (7th Cir.1987).

Defendant Omega only generally denies that Plaintiff Rosen is the "author" of the Architectural Work at issue in this case. Answer ¶ 3 ("Omega is without information sufficient...."). Such a general denial provides no facts and an insufficient basis for this Court to evaluate the merit of the alleged defense.

We believe that because Defendant Omega has made only a general denial regarding the dispositive facts relevant to affirmative defenses one and five through seven, it has not presented a meritorious defense.

### (2) Other Defenses

Defendant Omega's second affirmative defense relating to the Doctrine of Unclean Hands and Plaintiff Rosen's inequitable conduct is also conclusory. Defendant Omega alleges no facts, including those relating to Miller's misconduct, that, if proved, would amount to Unclean Hands or inequitable conduct.

Defendant Omega's third affirmative defense is not a complete defense because it relates to the mitigation of damages, an issue which remains to be proven in this Court.

 Defendant Omega's fourth affirmative defense also has no merit. Defendant Omega alleges that Plaintiff Rosen failed to mark the copies of the alleged Architectural Work with any copyright notice. Affirmative Defenses ¶ 4. In 1988 the Copyright Act was modified to conform with the Berne Convention; copyright notice is not longer a prerequisite to copyright protection for works published after March 1, 1989. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45 (5th Cir.1995); *Marshall v. Music Hall For the Performing Arts*, 1995 WL 871212 (E.D.Mich.1995); 17 U.S.C. § 401(a) (1996).

Defendant Omega has not alleged that publication of the Architectural Work predated 1989; thus, its allegations are conclusory and without merit.

Defendant Omega's ninth affirmative defense that the Architectural Work lacks copyrightable subject matter also lacks merit. 17 U.S.C. § 102(8) specifically includes "architectural works" as copyrightable subject matter. 17 U.S.C. § 102(8) (1996). Defendant Omega alleges no facts and provides no explanation as to why the architectural works at issue in this case would not be copyrightable.

Defendant Omega's allegations that the copyright is invalid and that the copyright certificate was procured by fraud (Affirmative Defenses ¶ 8 and ¶ 10, respectively) are also conclusory and therefore lack merit.

### (3) Defendant's Counterclaims

Defendant Omega's counterclaim for declaratory relief does not constitute a complete defense because it will have no impact on Plaintiff Rosen's recovery. Thus, it is not a meritorious defense.

■ Defendant Omega's counterclaim for fraud also lacks merit. Defendant Omega's claim appears to revolve around the allegation that the re-assignment between Carolino and Plaintiff Rosen was "champertous" and thus void under Pennsylvania public policy. Again, Defendant Omega fails to cite any authority to support this proposition.

This allegation is without merit because Plaintiff has an interest in this lawsuit. Under Pennsylvania law, an agreement is champertous and thus illegal if it "provides for the institution of litigation by and at the expense of a person who, but for the agreement, has no interest in it, with the understanding that his or her reward is to be a share of whatever proceeds the litigation may yield." *Gardner v. Surnamer*, 608 F.Supp. 1385 (E.D.Pa. 1985) (citing *Richette v. Pennsylvania R.R.*, 410 Pa. 6, 20, 187 A.2d 910 (1963); *Ames v. Hillside Coal & Iron Co.*, 314 Pa. 267, 171 A. 610 (1934)).

Plaintiff Rosen has an interest in the lawsuit because he has alleged that he is the original author as well as the beneficial owner of the copyrighted material. These allegations provide a ground for this lawsuit regardless of the subsequent agreement between Plaintiff Rosen and his assignee Carolino. Even if the action had been based on the assignee Carolino's rights, Plaintiff Rosen would still have an interest in this lawsuit by virtue of his status as the assignor. *See New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, 1989 WL 22442 (S.D.N.Y.1989) (citing 3 M. and D. Nimmer, Nimmer on Copyright § 12.02 (1988) ("An assignee generally owes an affirmative duty to its assignor to sue for infringements the assignee learns of, and the failure to do so could potentially lead to an action for recision, and possibly damages, against the assignee.")

### E. Additional Legal Discussion

■ Plaintiff Omega has argued that the existence of a meritorious defense is a threshold factor to be considered first and is dispositive in determining whether to set aside a default, citing *Inter. Finish Contrs. Ass'n of Del. Valley v. Drywall Fin. Loc. Union No. 1955*, 625 F.Supp. 1233 (E.D.Pa. 1985). Unfortunately, the law in this area is more unsettled than Plaintiff Rosen's brief would indicate. *Inter. Finish* relied upon two cases in stating that the existence of a meritorious defense was a threshold factor in determining whether to set aside the entry of default, *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984) and *United States v. $55,-518.05 in U.S. Currency*. *Inter. Finish*, 625 F.Supp. at 1239. However, in these cases a full default *judgment* had already been entered. *See Hritz*, 732 F.2d at 1179; *$55,-518.05 in U.S. Currency*, 728 F.2d at 193. In contrast, no judgment has been entered in this case.

There is substantial authority that a lesser showing is required to set aside the entry of a default:

> [while the factors involved in setting aside a default and a default judgment] are often treated as being the same, *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398 (E.D.Pa.1981), it is clear that the federal courts "grant relief from a default entry more readily and with a lesser showing than … in the case of a default judgment."

*In re Bernstein v. Great Frame Up Systems, Inc.*, 113 B.R. 172, 173 (Bkrtcy, D.N.J.1990)

(quoting 10 C. Wright et al., Fed.Prac. and Proc. § 2692 at 471 (1983)). *See also Feliciano*, 691 F.2d at 656 ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."). *In re Bernstein* went as far as to hold that not only was the existence of a meritorious defense not a threshold issue when judgment had not been entered, but also that the only showing required is "good cause." *Bernstein*, 113 B.R. at 174. While *Bernstein* is by no means binding on this Court, it does raise an important issue as to how heavily a district court may weigh the meritorious defense factor in the exercise of its discretion.

Since the Third Circuit decided *$55,518.05 in U.S. Currency*, most cases dealing with the existence of a meritorious defense as a threshold factor have been cases in which default judgment had been entered. *See United States v. A Single Story Double Wide Trailer*, 727 F.Supp. 149, 151–52 (D.Del. 1989); *American States Insurance Company v. Bennett*, 102 F.R.D. 102, 102–03 (W.D.Pa. 1984); *East Coast Express, Inc. v. Ruby, Inc.*, 162 F.R.D. 37, 39 (E.D.Pa.1995).

In cases where default judgment has not been entered, courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists. For example, in *Inter. Finish*, the court's statement that the existence of a meritorious defense was a threshold issue was dictum since the court *did* find a meritorious defense. *See Inter. Finish*, 625 F.Supp. at 1238–39. In another case, a court found no meritorious defense and denied a motion to set aside the entry of default, but that court had also found that the defendant's conduct was culpable. *Billy Steinberg Music v. Bonin*, 129 F.R.D. 488, 490–91 (M.D.Pa.1990).

In cases where no meritorious defense exists but the court finds that the first two factors weigh in favor of the defendant, there is a split in authority. In one case, the court, while "harbor[ing] more than a little hesitation in [its] conclusion" made a conditional grant of the motion to set aside entry of default based on the effectiveness of alternative sanctions the court was obliged to evalu-

ate under *Emcasco Insurance Co. v. Sambrick. Foy v. Dicks*, 146 F.R.D. at 114–17. In another case, the absence of a meritorious defense was enough to warrant a denial of the motion to set aside the entry of default with regard to one count of the claim. *Tressler v. Borough of Red Lion*, 685 F.Supp. 468 (M.D.Pa.1988). However, the court in that case never considered the effectiveness of alternative sanctions as required by *Emcasco*.

Given the nature of the law in this area, this Court will not go so far as to deny Defendant Omega's motion at this time notwithstanding the failure of Defendant Omega to present facts which amount to a meritorious defense. Instead, we will grant Defendant Omega's motion. Our grant is conditional upon the development of facts supporting a meritorious defense within ninety (90) days of our order. Failure to flesh out the defense with such facts within this time period may on an appropriate motion result in the re-entry of default and other appropriate sanctions.