**CHOICE HOTELS INTERNATIONAL, INC., Plaintiff,**

v.

**PENNAVE ASSOCIATES, INC., et al., Defendant.**

No. CIV.A. 98–CV–4111.

United States District Court, E.D. Pennsylvania.

Feb. 4, 2000.

Cecelia L. Fanelli, Duane Morris & Heckscher, Philadelphia, PA, for plaintiff.

Francis Recchuiti, VanGrossi & Recchuiti, Morristown, PA, Douglas R. Blazey, Elliott Reihner, Siedzikowsky & Egan, P.C., Blue Bell, PA, for defendant.

### MEMORANDUM AND ORDER

BRODY, District Judge.

Plaintiff Choice Hotels International, Inc. ("Choice") brought this lawsuit against Defendant David Miller ("Miller") and Defendant Pennave Associates, Inc. ("Pennave")[1] for federal trademark infringement, federal unfair competition, false designation and description, misappropriation of advertising ideas or style of doing business, common law trademark infringement and unfair competition under the common law of Pennsylvania. Choice also filed a motion for a temporary restraining order and preliminary injunction against Miller and Pennave that was subsequently settled. What remains of the initial claim is purely a matter of money damages.

On July 23, Choice filed a motion for entry of default and a motion for default judgment against Miller. On August 10, 1999, default was entered against Miller for his failure to answer the complaint.[2]

Now before me are three motions: (1) Miller's motion, filed on November 22, 1999, to set aside default. Miller referred to this motion as a motion for relief from judgment. Default judgment, however, has not been entered in this case, therefore, I will interpret Miller's motion as a motion to set aside default pursuant to Federal Rule of Civil Procedure 55(c); (2) Choice's motion, filed on July 23, 1999, for default judgment against Miller; and (3) Choice's motion, filed on December 17, 1999, to strike Miller's answer to Choice's motion for entry of default. I will conditionally deny Miller's motion to set

---

**1.** David Miller is the President of Pennave.

**2.** Plaintiff has not filed a motion for entry of default or a motion for default judgement against Pennave.

aside default allowing Miller an opportunity to set forth evidence of a meritorious defense. Because I will conditionally deny Miller's motion to set aside default, I will not address, at this time, Choice's motion for default judgment. I will deny Choice's motion to strike Miller's answer to Choice's motion for entry of default.

### Background

This lawsuit began on August 6, 1998, when Choice filed a complaint and a motion for a temporary restraining order ("TRO") and a preliminary injunction against Miller and Pennave. On August 17, 1998, Douglas R. Blazey, Esq. entered a limited appearance on behalf of Miller and Pennave. Blazey's representation of Miller and Pennave was presumably limited to defending against Choice's request for a TRO. On August 19, 1998, I granted Choice's motion for a TRO. On August 26, 1998, I ordered that: (1) the TRO entered on August 19, 1998, would remain in full force and effect until further notice by the court; (2) the defendants were to retain counsel by September 30, 1998; (3) discovery was to begin once defense counsel was retained; (4) the parties were to meet with Magistrate Judge Welsh; (5) the parties were to report on the status of the case via telephone on October 5, 1998 and (6) defendants' requirement to answer the complaint was extended until further order. On September 9, 1998, as a result of Miller's failure to comply with the TRO, I held another telephone conference and ordered that Miller remove Choice's marks by the following evening.

On October 13, 1998, Blazey entered his appearance, no longer in a limited capacity, for Miller. On October 26, 1998, Miller filed a motion to dismiss. On November 25, 1998, I denied Miller's motion to dismiss. After I denied Miller's motion, the parties did not file anything with the court until March 1999. Between December 1998 and March 1999 the parties were engaged in settlement negotiations. Pl. Resp. at 9. Therefore, for almost four months neither party sought the court's intervention. On March 15, 1999, Blazey filed a motion to withdraw as Miller's counsel and on March 16, 1999, I granted his motion. While A. Richard Gerber, Esq. suggests that he became Miller's counsel in March 1999, after Blazey's withdrawal, Gerber did not enter his appearance until October 5, 1999. Aff. Gerber ¶ 3. Therefore, between March 16, 1999 and October 5, 1999, Miller had no attorney of record.

On March 18, 1999, I held a telephone conference with the parties and the parties confirmed that Choice's motion for a TRO and a preliminary injunction was moot. *See* Tr., March 18, 1999, at 2. On March 22, 1999, I issued a scheduling order that all fact discovery was to be completed by July 16, 1999, and the case was to enter the trial pool on September 6, 1999. Between March 18, 1999 and July 22, 1999, the parties did not file anything with the court and the parties were engaged in settlement negotiations. Pl. Resp. at 10.

On July 23, 1999, presumably because of a breakdown in settlement negotiations, Choice filed a motion for entry of default and a motion for default judgment against Miller. On August 10, 1999, default was entered in favor of Choice and against Miller. On November 15, 1999, Francis Recchuiti, Esq. entered his appearance for Miller and Miller's previous counsel, Gerber, withdrew. On November 22, 1999, I held a hearing regarding Choice's motion for default judgment. At this hearing the parties confirmed that what remains of the initial claim is purely a matter of damages. *See* Tr., Nov. 22, 1999 at 8–9. Because Miller filed this motion to set aside default on the day of the default judgment hearing, I postponed addressing Choice's motion for default judgment in order to evaluate Miller's motion to set aside default.

### Discussion

#### A. Miller's motion to set aside default

Federal Rule of Civil Procedure 55(c) applies to Miller's motion to set aside default. Rule 55(c) provides, in part, that: "For good cause shown the court may set aside an entry of default ...". *Id.* The decision of whether or not to set aside the entry of a default is in the discretion of the trial court. *See U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3rd Cir.1984). Generally, courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits. *See Farnese v. Bag-*

*nasco,* 687 F.2d 761, 764 (3rd Cir.1982). Therefore, Rule 55(c) motions are construed liberally in favor of the movant. *See Momah, M.D. v. Albert Einstein Medical Center,* 161 F.R.D. 304, 307 (E.D.Pa.1995) (citing *Hamilton v. Edell,* 67 F.R.D. 18, 20 (E.D.Pa.1975)); *see also Smith v. City of Chester,* 152 F.R.D. 492, 493 (E.D.Pa.1994) (stating that "[c]ourts use a liberal standard rather than a standard of strictness in determining whether to set aside an entry of default, so that cases may be decided on their merits.") (citation omitted).

■ In ruling on a motion to set aside default, four factors must be considered: (1) whether the plaintiff will be prejudiced; (2) whether the default was the result of the defendant's culpable conduct; (3) whether the defendant has a meritorious defense; and (4) the effectiveness of alternative sanctions. *See $55,518.05 in U.S. Currency,* 728 F.2d at 195 (citations omitted); *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3rd Cir.1987). Applying these four factors, I exercise my discretion to conditionally deny Miller's motion to set aside default.

### 1. Prejudice to the plaintiff

■ In determining whether or not the plaintiff will be prejudiced from setting aside the default, the Third Circuit has considered the loss of available evidence, the increased potential for fraud or collusion, and the plaintiff's substantial reliance on the default. *See Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 657 (3rd Cir.1982), *see also Hartsoe v. Kmart Retail Distribution Center,* Nos. 99–429, 99–461, 2000 WL 21263 at *3 (E.D.Pa. Jan. 13, 2000). Prejudice arises where the setting aside of default results in some occurrence that tends to impair the plaintiff's ability to pursue the claim. *See Momah, M.D.,* 161 F.R.D. at 307. The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice. *See Duncan v. Speach,* 162 F.R.D. 43, 45 (E.D.Pa.1995).

■ I find that Choice will not be prejudiced if the default is set aside. As stated above, Miller is no longer infringing Choice's mark. Therefore, the only remaining issue is money damages. Regarding loss of available evidence, Choice alleges that Miller has effectively avoided discovery and some or all of potentially relevant materials may no longer exist. Choice, however, fails to delineate specific examples of evidence that may no longer be available. Default was entered on August 10, 1999 and Miller moved to set aside default on November 22, 1999. While Miller waited more than three months before moving to set aside default, I do not find that this delay prejudices Choice's ability to pursue its claim. Therefore, Choice will not be prejudiced if default is set aside.

### 2. Miller's culpable conduct

■ Next, I must determine whether Miller's failure to answer Choice's complaint was the result of culpable conduct. *See Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 123 (3rd Cir.1983). Culpable conduct means "actions taken willfully or in bad faith." *Id.* at 123–24. In a case concerning the opening of a default judgment, rather than setting aside a default[3], the Third Circuit interpreted the meaning of the "willful" or "in bad faith" standard as follows:

> Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence must be demonstrated. Certainly "willfulness" and "bad faith" include acts intentionally designed to avoid compliance with court notices. The case law, however, is bereft of precedent limiting the availability of default judgment to this narrow band of "knowing" disregard for court-mandate and procedures. Reckless disregard for repeated communications from plaintiffs and the court, combined with a failure to investigate the source of a serious injury, can satisfy the culpable conduct standard.

**3.** The standard for relief from default judgment may be stricter than the standard applied to motions to set aside default. *See Feliciano,* 691 F.2d at 656 (stating "[l]ess substantial grounds may be adequate for setting aside default than would be required for opening a judgment ....

'a default entry may be set aside for reasons that would not be enough to open a default judgment.' ") (quoting 10 C. Wright & A. Miller, Federal Practice and Procedure § 2696 at 334 (1974)).

*Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3rd Cir.1984).

The relevant inquiry is whether Miller acted willfully or in bad faith in failing to answer Choice's complaint. First and foremost, on August 26, 1998, I ordered that Miller's requirement to answer the complaint was extended until further order. This fact alone is dispositive and relieves Miller from any culpability for failing to answer. Second, Choice's motion for entry of default incorrectly stated the status of the case. Choice's motion for entry of default provides, in relevant part, that: "On August 7, 1998, Choice caused service of the complaint on Miller by personal service at his residence. Miller has failed to provide an answer, response or otherwise objective pleading to the complaint within twenty (20) days after being served with the complaint." Choice erroneously stated that Miller failed to respond to the complaint. Miller filed a motion to dismiss on October 26, 1998. Even disregarding the possibility that Miller had no duty to answer the complaint because of my August 26, 1998 order, Miller certainly did not have to respond to the complaint until after I denied his motion to dismiss on November 25, 1998. Third, between December 1998 and July 1999, the parties were engaged in settlement negotiations. Fourth, when default was entered against Miller he had no attorney of record as Blazey withdrew on March 16, 1999 and Gerber did not enter his appearance until October 5, 1999. Lastly, Choice waited until July 23, 1999, to file a motion for entry of default, presumably because of a breakdown in settlement negotiations. In the context of the totality of the circumstances of this case and considering the presumption against defaults in this circuit, I find that Miller's failure to answer Choice's complaint was not the result of culpable conduct.

### 3. Meritorious Defense

■ Next, I must evaluate if Miller has set forth a meritorious defense. The Third Circuit held that: "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.' " *$55,518 in U.S. Currency*, 728 F.2d at 195 (citations omitted). To meet this factor, "the defendants' answer and pleadings must contain specific facts that would allow

them to advance a complete defense." *Momah, M.D.*, 161 F.R.D. at 307. Therefore, the defendant must raise specific facts beyond a general denial. *See id.*

Miller never filed an answer is this case. Miller states in his supplemental memorandum of law that "[t]here is not, in fact, a basis for the entry of any money judgment award against the individual defendant. Also, in all the pleadings which have been filed, together with all of the supporting Affidavits and data, there has not been a legal basis set forth as to why the individual defendant is liable." Def. Reply at 2. Miller alleges that while "[t]he Lanham Act certainly makes provisions for the direction of injunctive relief against individuals. This does not necessarily, however, carry over that those same individuals are individually liable under a money judgment request." *Id.* at 2–3. Miller states in his affidavit that "at no time did I believe that I was individually liable for any damages, since at all times I was acting on behalf and working as an agent of the corporate defendant." Aff. Miller ¶ 14. Miller also claims that: "There are defenses that should have been entered on my behalf that were not …" *Id.* ¶ 22. Other than Miller's conclusory assertions above, however, he makes no attempt to state specific facts that would allow him a complete defense. Therefore, I conclude that he has failed to establish a meritorious defense that, if proven at trial, would constitute a complete defense.

### 4. Alternative sanctions

■ Finally, as directed by the Third Circuit in *Emcasco Ins. Co.*, I will consider the effectiveness of alternative sanctions for Miller's failure to set forth evidence of a meritorious defense. *See* 834 F.2d at 73. In *Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F.Supp. 115 (E.D.Pa.1996), Judge Van Antwerpen noted that "[i]n cases where default judgment has not been entered, courts in this circuit seem unwilling to deny the motion to set aside the entry of default solely on the basis that no meritorious defense exists." *Id.* at 121. Therefore, the court granted defendant's motion to set aside the default, subject to the alternative sanction that defendant resubmits facts support-

ing a complete defense. *See id.* In *Atlas Communications, Ltd. v. Waddill,* No. 97–1373, 1997 WL 700492 (E.D.Pa. Oct.31, 1997), Judge Shapiro applied a similar analysis conditionally deny defendants' motion to set aside default, subject to reconsideration if defendants presented facts constituting a complete defense within a specified time period. *See id.* at *4; *see also Richard v. Kurtz,* No. 98–5589, 1999 WL 1038334 at * 3 (E.D.Pa. Nov. 8, 1999) (same). Therefore, I will apply an alternative sanction of conditionally denying defendant's motion to set aside default, subject to reconsideration, if, he files a proposed answer with a supporting affidavit setting forth prima facie evidence of a meritorious defense.

### B. Choice's motion for default judgment against Miller.

Because I will conditionally deny Miller's motion to set aside default, I will not address, at this time, Choice's motion for default judgment.

### C. Choice's motion to strike Miller's answer to Choice's motion for entry of default

Choice asserts that Miller's response to Choice's motion for entry of default is untimely. Choice filed its motion for entry of default on July 23, 1999. Almost four months later, on November 22, 1999, Miller filed a response to Choice's motion. Choice alleges that Miller's response is not only untimely, it is legally and factually unsupportable, in that it ignores prior rulings of this Court, seeks to re-litigate dismissed contentions and relies upon false allegations. Miller asserts that "it is clear from reading of the Rules that the Answer to the Motion for Entry of Default is, in fact, timely, especially since it was known through discovery by plaintiff's counsel that there was no individual liability on behalf of the individual defendant." Def. Resp. at 1.

I find Choice's assertions unpersuasive and therefore, I will deny Choice's motion to strike Miller's response.

AND NOW, this 4th day of February, 2000, I **ORDER** that:

(1) Defendant David S. Miller's motion to set aside default (entered as a motion for relief from judgment) (docket entry # 32) is **DENIED, SUBJECT TO SUA SPONTE RECONSIDERATION BY THE COURT,** if, by **5 p.m., February 10, 2000,** Defendant Miller files (with the court and a courtesy copy to chambers) a proposed answer to Plaintiff's complaint accompanied by a supporting affidavit setting forth prima facie evidence of a meritorious defense.

(2) Plaintiff shall submit by **February 15, 2000,** any response to Defendant Miller's claim of a meritorious defense.

(3) Plaintiff's motion to strike Defendant Miller's answer to Plaintiff's motion for entry of default (docket # 35) is **DENIED.**