Thelma CASSELL

v.

PHILADELPHIA MAINTENANCE COMPANY, INC., and Otis Anderson and Richard Burrell.

Civ.A. No. 00–CV–3075.

United States District Court, E.D. Pennsylvania.

Dec. 11, 2000.

Margaret M. Boyce, Philadelphia, PA, for plaintiff.

Frank Spada, Jr., Flamm, Boroff & Bacine, P.C., Blue Bell, PA, Lek Domni, Law Office of Lek Domni, P.C., Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This matter has been brought before the Court on Plaintiff's motion for entry of default judgment and the cross-motion of the defendant, Otis Anderson to open the default. For the reasons which follow, the plaintiff's motion shall be denied and the defendant's motion granted.

### Background

On June 16, 2000, Plaintiff filed a complaint against all three defendants seeking damages for sexual discrimination and harassment in violation of both Title VII of the Civil Rights Acts, 42 U.S.C. § 2000e, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.,* as well as for intentional infliction of emotional distress under Pennsylvania state law. A copy of the complaint was personally served upon Defendant, Otis Anderson, on July 5, 2000, while requests for waiver of service were executed as to Richard Burrell and Philadelphia Maintenance Company on that same date.[1]

Thereafter, on August 16, 2000, Plaintiff requested that the Clerk of Court enter a default upon the record against all three defendants, as no answer had then been filed on behalf of any of them.[2] On September 12, 2000, some two weeks after the entry of appearance of Mr. Anderson's counsel, Plaintiff moved for the entry of a default judgment against Anderson. On October 27, 2000, Mr. Anderson, through counsel, filed this motion to open the default and a reply to plaintiff's motion seeking a default judgment. On November 28th, defendant Anderson joined in the motion to dismiss that had previously been filed by his co-defendants on September 5.

### Discussion

The entry and removal of default judgments are addressed in Fed.R.Civ.P. 55. That Rule, states, in relevant part:

**(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

. . . .

**(c) Setting Aside Default.** For good cause shown the court may set aside the entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). (governing relief from final judgments for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud)

Thus, the decision of whether or not to set aside the entry of a default rests in the discretion of the trial court, which should construe such motions liberally in favor of the moving party. *Choice Hotels International, Inc. v. Pennave Associates, Inc.,* 192 F.R.D. 171, 173–74 (E.D.Pa.2000), citing, *inter alia, U.S. v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (3rd Cir.1984). As a general matter, the courts do not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits. *Zawadski DeBueno v. Bueno,* 822 F.2d 416, 420 (3rd Cir.1987), citing, *Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 122 (3rd Cir. 1983) and *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3rd Cir.1982). *See Also: Kauffman v. Cal Spas,* 37 F.Supp.2d 402, 404 (E.D.Pa. 1999).

---

1. Thus, under Fed.R.Civ.P. 12(a)(1), it was incumbent upon defendant Anderson to file an answer or otherwise plead to the complaint within twenty days of service. Philadelphia Maintenace Company and Richard Burrell, however, were not obligated to file their responses until sixty days of their receipt of the summons and complaint. *See:* Fed.R.Civ.P. 4(d)(3), 12(a)(2).

2. Apparently realizing that the default had been entered prematurely as to Philadelphia Maintenance and Richard Burrell, Plaintiff did stipulate to withdraw the default against those defendants on November 30, 2000.

■ Under Third Circuit precedent, district courts are to consider four factors in determining whether or not to open a default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Emcasco Insurance Company v. Sambrick*, 834 F.2d 71, 73 (3rd Cir.1987); *Scarborough v. Eubanks*, 747 F.2d 871, 875–78 (3rd Cir. 1984).

■ Turning to the first factor, prejudice arises where the setting aside of the entry of default results in the loss of relevant evidence or some other occurrence that tends to impair the plaintiff's ability to pursue the claim. *Momah v. Albert Einstein Medical Center*, 161 F.R.D. 304, 307 (E.D.Pa.1995), quoting *Emcasco, supra*, and *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656–57 (3rd Cir.1982). Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment entered at an early stage of the proceeding. *Id.* Thus, the fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice. *Choice Hotels*, 192 F.R.D. at 174.

In this case, we can discern no prejudice which would inure to the plaintiff were we to grant the defendant's motion to open. Indeed, this case is still in the pleading stage and no discovery appears to have yet been taken by any of the parties to this litigation. There is no evidence that the plaintiff's ability to pursue her claim would be impaired in any way by the opening of the default as to defendant Anderson, nor does plaintiff argue that she would suffer any prejudice were this defendant to be let into a defense. Accordingly, we find that no prejudice would be suffered here.

■ We next consider whether defendant has shown that he possesses a meritorious defense to the claims against him. The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action. *Kauffman*

*v. Cal Spas*, 37 F.Supp.2d at 404–05. A general denial is insufficient to overturn a default; rather, the defendant must assert specific facts supporting the existence of a prima facie meritorious defense. *Id.*, citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 194–96.

Here, although the defendant's general denial of the plaintiff's allegations that he sexually discriminated and harassed her is clearly insufficient to constitute a meritorious defense, he nevertheless challenges all but one of the counts of the complaint on statute of limitations grounds which, could of course be a meritorious defense. Given that the resolution of this factor is a close call, we are compelled to give the benefit of the doubt to the moving party under the precedent recited above. Consequently, we shall find that this factor has also been satisfactorily established.

"Culpable conduct" means actions taken willfully or in bad faith. *Choice Hotels*, 192 F.R.D. at 174, citing *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123–24 (3rd Cir.1983). More than mere negligence is required. *Momah*, 161 F.R.D. at 308. The court may impute such culpability from a defendant's "reckless disregard for repeated communications from either the plaintiff or the Court." *Kauffman*, 37 F.Supp.2d at 405, quoting *Scottsdale Insurance Co. v. Littlepage*, 1993 WL 275162 at *5–6 (E.D.Pa.1993). *See Also: Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3rd Cir.1984).

Instantly, Mr. Anderson asserts and plaintiff does not dispute, that his failure to timely respond to the complaint was due in large part to his having to search for and retain counsel after some confusion as to whether or not he would be represented by the same attorney retained to represent the other defendants. It further appears that there were some additional delays occasioned by the discussions between Mr. Anderson's attorney and plaintiff's attorney as to whether or not plaintiff's counsel would agree to the removal of the default and to withdraw her pending motion for default judgment. While it is unclear how long these discussions took, it nevertheless appears to the Court that mov-

ing defendant's conduct constituted negligence at worst and is not attributable to any intentional or willful disregard of the court rules or repeated communications from either the court or plaintiff's counsel. We therefore find that defendant's negligent and careless behavior is excusable.

 Finally, we consider the effectiveness of alternative sanctions inasmuch as a default judgment should be a sanction of last, not first, resort. *Emcasco*, 834 F.2d at 75. Here, we find that some sanction is in order against Mr. Anderson due to his negligence and dilatoriness in responding to the plaintiff's complaint. However, in view of the above-referenced circumstances, we cannot find that a default judgment against him is appropriate. Rather, we believe that an award of monetary sanctions against moving defendant in the amount of those costs and expenses incurred by plaintiff in having to file her motion for default judgment and for having to respond to defendant's motion to open the default to be appropriate.